

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Luis Córdova Dexter<br><br>Recurrido<br><br><br>v.<br><br><br>Sucesió n Ferraiuoli y otros<br><br>Peticionarios | Certiorari<br><br><br>2011 TSPR 111<br><br><br>182 DPR \_\_\_\_ |

Número del Caso: CC - 2010 - 0585

Fecha: 5 de agosto de 2011

Tribunal de Apelaciones:

Región Judicial de Bayamón y San Juan

Jueza Ponente:

Hon. Emmalind García García

Abogada de la Parte Peticionaria:

Lcda. Laura Beléndez - Ferrero

Abogado de la Parte Recurrida:

Lcdo. Efrén José Bula López

Materia: Nivelación, Cobro de Dinero

Este documento c onstituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luis Córdova Dexter

    Recurrido

           v.                   CC-2010-0585    Certiorari

Sucesión Ferraiuoli y otros

    Peticionarios

Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 5 de agosto de 2011.

Nos corresponde resolver por primera vez si la determinación del Negociado Federal de Rentas Internas, en adelante "I.R.S.", exonerando a un oficial de una corporación como deudor o persona responsable de la penalidad dispuesta en la sección 6672 del Código Federal de Rentas Internas, es concluyente para efectos de un pleito de nivelación sobre la misma deuda incoado en el Tribunal de Primera Instancia. En específico, si procede una demanda presentada por otro oficial de la corporación para recobrar la mitad de lo que pagó al I.R.S., a pesar de que tal agencia determinó que el

demandado no era responsable de la deuda de la cual, por medio de la presente causa, se solicita nivelación en el foro primario. Por entender que no procede declarar como deudor solidario de una obligación ante el I.R.S. a quien dicha agencia determinó que nada le debía, revocamos el dictamen del Tribunal de Apelaciones, emitimos sentencia sumaria y declaramos sin lugar la demanda.

I

El Sr. Luis Córdova Dexter, el Sr. David E. Rodríguez González y el Sr. Blas R. Ferraiuoli Martínez eran accionistas únicos de la corporación CFR Construction Corp. En el año 2001, esta corporación se acogió a la protección de la Ley de Quiebras y liquidó todos sus haberes y deudas, con excepción de $31,149.32 adeudados al I.R.S., por concepto de la penalidad por seguro social retenido a los empleados y no pagado a la referida agencia.

El I.R.S. determinó que los responsables de la aludida penalidad, dispuesta en la sección 6672 del Código Federal de Rentas Internas, 26 U.S.C. sec. 6672, eran los señores Córdova Dexter y Rodríguez González. Véase, Apéndice, pág. 65. Asimismo, la agencia resolvió que el señor Ferraiuoli Martínez no respondía por tal penalidad. Véase, Apéndice, pág. 64.

Luego de recibir comunicación por parte del I.R.S., el señor Córdova Dexter satisfizo la deuda en su totalidad. Más adelante, y a pesar de la mencionada determinación de la agencia federal, el 10 de mayo de 2006, el señor Córdova Dexter presentó una demanda sobre nivelación de deuda en el

Tribunal de Primera Instancia contra el señor Ferraiuoli Martínez, la esposa de éste y la sociedad legal de gananciales compuesta por ambos. Alegó que él satisfizo lo adeudado al I.R.S. por la corporación y que el señor Ferraiuoli Martínez estaba obligado a responder por la mitad de dicha deuda.[1]

Por su parte, el señor Ferraiuoli Martínez presentó su contestación a la demanda. En ella, alegó que no procedía una acción de nivelación en su contra, toda vez que el I.R.S. había determinado que él no era responsable de la deuda reclamada.

Así las cosas, el 26 de octubre de 2007, el señor Ferraiuoli Martínez presentó una moción de sentencia sumaria en la que solicitó la desestimación de la demanda. En síntesis, alegó que el Tribunal de Primera Instancia carecía de jurisdicción para intervenir con la determinación final y firme del I.R.S. de que él no era responsable del pago de la deuda cuya nivelación ahora se exigía. Expresó que el 9 de julio de 2001, el I.R.S. le cursó una notificación en la cual le responsabilizó por la deuda, junto al señor Córdova Dexter y el señor Rodríguez González. Sin embargo, sostuvo que apeló dicha determinación ante el I.R.S. y el 8 de agosto de 2001 dicha agencia reconsideró y concluyó que él no era un oficial responsable de la deuda. Para sustentar esta alegación el

---

[1] El señor Córdova Dexter no demandó al otro co-accionista, señor Rodríguez González. Éste había fallecido al momento de la presentación de la demanda. Sin embargo, el señor Córdova Dexter tampoco demandó a la sucesión del fenecido.

señor Ferraiuoli Martínez anejó a su moción de sentencia sumaria la mencionada notificación del I.R.S.[2]

Del mismo modo, sostuvo que al momento de presentar la demanda el señor Córdova Dexter sabía que el demandado no era responsable por el adeudo. Esto, porque el 27 de enero de 2006 el señor Córdova Dexter recibió una notificación del "Taxpayer Advocate Service", en la cual se le informó que según la investigación realizada por los oficiales del I.R.S., dicha agencia determinó que los oficiales responsables por la deuda eran el propio señor Córdova Dexter y el señor Rodríguez González. Nadie más. Esta notificación también fue anejada a la moción de sentencia sumaria.[3]

El señor Ferraiuoli Martínez falleció durante el transcurso de los procedimientos. Posteriormente fue sustituido por su sucesión, en adelante "Sucesión Ferraiuoli".

Por su parte, el señor Córdova Dexter se opuso a la solicitud de sentencia sumaria. Adujo que debía celebrarse una audiencia para evaluar si el señor Ferraiuoli Martínez estaba obligado hacia los demás accionistas por la deuda pagada al I.R.S. Ello, a pesar de la acción tomada por la agencia federal. La Sucesión Ferraiuoli presentó una réplica a la aludida oposición.

Luego de considerar los planteamientos de ambas partes, el Tribunal de Primera Instancia emitió una sentencia sumaria

---

[2] Véase, Moción de Sentencia Sumaria, Anejo I, Apéndice, pág. 64.

[3] Íd., Anejo II, pág. 65.

con fecha de 20 de agosto de 2008 y la notificó a las partes el 18 de septiembre de 2008. Mediante este dictamen, el foro primario desestimó la demanda presentada por el señor Córdova Dexter. Al así hacerlo, se declaró sin jurisdicción para conceder el remedio solicitado, puesto que el I.R.S. había determinado que el señor Ferraiuoli Martínez no era responsable del adeudo. Igualmente, dicho foro concluyó que el señor Córdova Dexter tenía que haber dilucidado su pedido ante el I.R.S. o ante el Tribunal de Distrito de los Estados Unidos.

Inconforme, el 3 de octubre de 2008 el señor Córdova Dexter presentó una moción de reconsideración. Adujo que ignoraba a cuánto ascendía la deuda con el I.R.S. al momento en que la corporación presentó la petición de quiebra. Además, arguyó que no fue informado por el señor Ferraiuoli Martínez de los reclamos del I.R.S. La Sucesión Ferraiuoli compareció en oposición.

El 5 de octubre de 2009, el Tribunal de Primera Instancia dictó una orden en la que acogió la moción de reconsideración y dejó sin efecto la sentencia sumaria. No expuso fundamento alguno para su decisión.

En desacuerdo con esta determinación, el 30 de noviembre de 2009, la Sucesión Ferraiuoli presentó oportunamente un recurso de *certiorari* ante el Tribunal de Apelaciones.[4]

---

[4]El jueves 26 de noviembre de 2009, fecha en que vencía el término para acudir en alzada, se celebró el día de acción de gracias. El próximo día fue considerado feriado para efectos del cómputo de los términos. *Véase*, In re: Extensión de los Términos por Motivo de concesión del día 27 de noviembre de

Alegó que el Tribunal de Primera Instancia carecía de jurisdicción para revisar una determinación del I.R.S. El señor Córdova Dexter presentó su alegato en oposición.

Así las cosas, el 28 de mayo de 2010, notificada el 3 de junio de 2010, el Tribunal de Apelaciones emitió una sentencia mediante la cual denegó expedir el recurso de *certiorari* presentado por la Sucesión Ferraiuolli. El foro apelativo intermedio expresó que el señor Córdova Dexter no tenía la intención de controvertir las determinaciones del I.R.S., sino que pretendía reclamarle a la Sucesión Ferraiuoli bajo el derecho local. Asimismo, añadió que el Tribunal de Primera Instancia adjudicaría en su momento si el señor Córdova Dexter tiene derecho a la nivelación pretendida o si, por el contrario, la determinación final y firme del I.R.S. impide que éste repita contra la Sucesión Ferraiuoli bajo el derecho local por el pago de la deuda alegadamente satisfecha. Según entendió, no era el momento idóneo para manifestarse al respecto.

Inconforme, el 2 de julio de 2010 la Sucesión Ferraiuoli presentó ante nos un recurso de *certiorari* en el cual alega que erró el Tribunal de Apelaciones al resolver que los tribunales estatales poseen jurisdicción para revocar una decisión final y firme del I.R.S. De igual forma, aduce que el foro apelativo intermedio incidió al no disponer del pleito por la vía sumaria y al determinar que podría haber una acción de nivelación.

_____
2009, 2009 T.S.P.R. 117. El próximo día hábil fue, en efecto, el lunes 30 de noviembre de 2009.

El 14 de enero de 2011, emitimos una resolución en la cual le concedimos un término de treinta (30) días al señor Córdova Dexter para que mostrara causa por la cual no debíamos expedir el auto de *certiorari*, revocar el dictamen del Tribunal de Apelaciones y dictar sentencia sumaria para declarar sin lugar la demanda.  Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II

El Código Federal de Rentas Internas requiere que todo patrono retenga ciertos impuestos del salario de sus empleados y los pague al Gobierno Federal.  26 U.S.C. sec. 3102.[5]  En lo pertinente a la presente causa, los patronos deben deducir y retener de los salarios pagados a los empleados la cantidad correspondiente en concepto del impuesto de seguro social.  El dinero así deducido debe ser retenido en un fondo especial a favor de los Estados Unidos de América, previo a su pago al Gobierno Federal.  26 U.S.C. sec. 7501(a).[6]

---

[5]En lo pertinente, esta sección dispone lo siguiente:

§ 3102. Deduction of tax from wages

(a) Requirement.--The tax imposed by section 3101 shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid. […]

(b) Indemnification of employer.--Every employer required so to deduct the tax shall be liable for the payment of such tax, and shall be indemnified against the claims and demands of any person for the amount of any such payment made by such employer. 26 U.S.C. sec. 3102.

[6]§ 7501. Liability for taxes withheld or collected

Para asegurar el fiel cumplimiento con estas disposiciones, y para proveer al I.R.S. de una fuente alterna de la cual recaudar los impuestos no pagados, el Congreso de los Estados Unidos aprobó la sección 6672 del Código Federal de Rentas Internas.  26 U.S.C. sec. 6672.[7]  Esta sección

_____

(a) General rule.--Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose. 26 U.S.C. sec. 7501(a).

[7]Esta sección lee como sigue:

§ 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax

(a) General rule.--Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 or part II of subchapter A of chapter 68 for any offense to which this section is applicable.

(b) Preliminary notice requirement.—
  (1) In general.--No penalty shall be imposed under subsection (a) unless the Secretary notifies the taxpayer in writing by mail to an address as determined under section 6212(b) or in person that the taxpayer shall be subject to an assessment of such penalty.

  (2) Timing of notice.--The mailing of the notice described in paragraph (1) (or, in the case of such a notice delivered in person, such delivery) shall precede any notice and demand of

any penalty under subsection (a) by at least 60 days.

(3) Statute of limitations.--If a notice described in paragraph (1) with respect to any penalty is mailed or delivered in person before the expiration of the period provided by section 6501 for the assessment of such penalty (determined without regard to this paragraph), the period provided by such section for the assessment of such penalty shall not expire before the later of--

(A) the date 90 days after the date on which such notice was mailed or delivered in person, or

(B) if there is a timely protest of the proposed assessment, the date 30 days after the Secretary makes a final administrative determination with respect to such protest.

(4) Exception for jeopardy.--This subsection shall not apply if the Secretary finds that the collection of the penalty is in jeopardy.

(c) Extension of period of collection where bond is filed.--

(1) In general.--If, within 30 days after the day on which notice and demand of any penalty under subsection (a) is made against any person, such person--

(A) pays an amount which is not less than the minimum amount required to commence a proceeding in court with respect to his liability for such penalty,

(B) files a claim for refund of the amount so paid, and

(C) furnishes a bond which meets the requirements of paragraph (3), no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until a final resolution of a proceeding begun as provided in paragraph (2). Notwithstanding the provisions of section 7421(a), the beginning of such proceeding or levy

during the time such prohibition is in force may be enjoined by a proceeding in the proper court. Nothing in this paragraph shall be construed to prohibit any counterclaim for the remainder of such penalty in a proceeding begun as provided in paragraph (2).

(2) Suit must be brought to determine liability for penalty.--If, within 30 days after the day on which his claim for refund with respect to any penalty under subsection (a) is denied, the person described in paragraph (1) fails to begin a proceeding in the appropriate United States district court (or in the Court of Claims) for the determination of his liability for such penalty, paragraph (1) shall cease to apply with respect to such penalty, effective on the day following the close of the 30-day period referred to in this paragraph.

(3) Bond.--The bond referred to in paragraph (1) shall be in such form and with such sureties as the Secretary may by regulations prescribe and shall be in an amount equal to 1 ½ times the amount of excess of the penalty assessed over the payment described in paragraph (1).

(4) Suspension of running of period of limitations on collection.--The running of the period of limitations provided in section 6502 on the collection by levy or by a proceeding in court in respect of any penalty described in paragraph (1) shall be suspended for the period during which the Secretary is prohibited from collecting by levy or a proceeding in court.

(5) Jeopardy collection.--If the Secretary makes a finding that the collection of the penalty is in jeopardy, nothing in this subsection shall prevent the immediate collection of such penalty.

(d) Right of contribution where more than 1 person liable for penalty.--If more than 1 person is liable for the penalty under subsection (a) with respect to any tax, each person who paid such penalty shall be entitled to recover from other persons who are liable for such penalty an amount equal to the excess of the amount paid by such person over such person's proportionate share of the penalty. Any claim for such a recovery may be made only in a proceeding

dispone que toda persona a la que se le requiera cobrar, informar y pagar cualquier impuesto establecido en dicho título y que intencionalmente no lo haga o trate de evadir su pago, será responsable y tendrá que pagar una penalidad igual a la suma de los impuestos evadidos, no recolectados o no pagados.[8]  Íd.

De conformidad con lo anterior, la penalidad dispuesta en la sección 6672 recae en aquel oficial o empleado que: (1) sea la persona responsable de recolectar, informar y pagar cualquier impuesto establecido en el Código Federal de Rentas

_____

which is separate from, and is not joined or consolidated with--

(1) an action for collection of such penalty brought by the United States, or

(2) a proceeding in which the United States files a counterclaim or third-party complaint for the collection of such penalty.

(e) Exception for voluntary board members of tax-exempt organizations.--No penalty shall be imposed by subsection (a) on any unpaid, volunteer member of any board of trustees or directors of an organization exempt from tax under subtitle A if such member--

(1) is solely serving in an honorary capacity,

(2) does not participate in the day-to-day or financial operations of the organization, and

(3) does not have actual knowledge of the failure on which such penalty is imposed.

The preceding sentence shall not apply if it results in no person being liable for the penalty imposed by subsection (a).  26 U.S.C. 6672.

[8]La penalidad establecida en esta sección es una civil equivalente al cien por ciento (100%) de los impuestos no recolectados o no pagados.  Slodov v. United States, 436 U.S. 238, 245 (1978).

Internas; y (2) deliberadamente falle en así hacerlo.   Íd; United States v. Sotelo, 436 U.S. 268, 274 (1978). Quien cumpla con estos requisitos será "persona responsable" para efectos de la penalidad establecida en la sección 6672, *supra*. Slodov v. United States, 436 U.S. 238, 245-246 (1978), nota 7. La responsabilidad bajo esta sección no está limitada a un individuo, sino que puede extenderse a varias personas. United States v. Energy Res. Co., 495 U.S. 545, 547 (1990), citando a Slodov v. United States, *supra*, págs. 244-245. Por ello, el I.R.S. puede reclamarle a varios sujetos siempre que determine que más de uno es responsable.  Por política de la agencia, se recobrará la totalidad de los impuestos no pagados solo una vez.  United States v. Sotelo, *supra*, pág. 279.

El procedimiento administrativo de recolección y revisión consta de varias etapas.  Como primer paso el I.R.S. envía una notificación a las personas responsables en la cual les solicita el pago de la penalidad dispuesta en la sección 6672, *supra*, para recobrarla administrativamente.  26 U.S.C. secs. 6671(a)[9] y 6303(a).[10]  El receptor inconforme con dicha

_____

[9]§ 6671. Rules for application of assessable penalties

  (a) Penalty assessed as tax.--The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

  (b) Person defined.--The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a

comunicación podrá cuestionar la referida determinación administrativa por medio de la presentación de una protesta o apelación ante el I.R.S.[11] 26 U.S.C. sec. 6672.

Si luego de tal procedimiento aún se encuentra inconforme, la persona tendrá que pagar la penalidad, Flora v. United States, 357 U.S. 63, 75 (1958), para luego poder acudir en revisión judicial al Tribunal de Distrito de los

_____

partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.  26 U.S.C. sec. 6671.

[10]§ 6303. Notice and demand for tax

(a) General rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address. 26 U.S.C. sec. 6303(a).

[11]Cabe destacar que la sección 7421(a) prohíbe que se presente cualquier pleito en los tribunales que tenga como finalidad restringir las tasaciones -assessment- realizadas por el I.R.S. con respecto a los impuestos regidos por el Código Federal de Rentas Internas.  26 U.S.C. sec. 7421(a). Esto, de la siguiente manera:

§ 7421. Prohibition of suits to restrain assessment or collection

(a) Tax.--Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and

(b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed. 26 U.S.C. sec. 7421(a).

Estados Unidos, 28 U.S.C. sec. 1340,[12] o al Tribunal de Reclamaciones de los Estados Unidos -*United States Court of Claims*-. Véase, 26 U.S.C. sec. 7422. Ambos tribunales ostentan jurisdicción concurrente para atender reclamaciones de reembolso sobre las cantidades pagadas al I.R.S. 28 U.S.C. sec. 1346(a)(1).[13]

No obstante lo anterior, el Tribunal Fiscal -*Tax Court*- adquirirá jurisdicción si el I.R.S. le remite al individuo una notificación de deficiencia respecto al impuesto o penalidad objeto de la demanda, antes de que se materialice la vista en el Tribunal de Distrito o en el Tribunal de Reclamaciones de los Estados Unidos, y si el individuo en efecto presenta su reclamación ante el Tribunal Fiscal para

---

[12]Esta sección establece lo siguiente:

§ 1340. Internal revenue; customs duties

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade. 28 U.S.C. sec. 1340.

[13]En lo pertinente, esta sección dispone lo siguiente:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws. 28 U.S.C. sec. 1346(a)(1).

cuestionar la referida notificación de deficiencia. 26

U.S.C. sec. 7422(e).[14] La presentación de la demanda ante

dicho tribunal privará de jurisdicción al Tribunal de

Distrito o al Tribunal de Reclamaciones de los Estados

Unidos, y el Tribunal Fiscal detentará jurisdicción sobre la

reclamación de reembolso y sobre la notificación de

_____

[14]§ 7422. Civil actions for refund

(e) Stay of proceedings.--If the Secretary prior to the hearing of a suit brought by a taxpayer in a district court or the United States Court of Federal Claims for the recovery of any income tax, estate tax, gift tax, or tax imposed by chapter 41, 42, 43, or 44 (or any penalty relating to such taxes) mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the United States Court of Federal Claims, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. If the taxpayer does not file a petition with the Tax Court for a redetermination of the asserted deficiency, the United States may counterclaim in the taxpayer's suit, or intervene in the event of a suit as described in subsection (c) (relating to suits against officers or employees of the United States), within the period of the stay of proceedings notwithstanding that the time for such pleading may have otherwise expired. The taxpayer shall have the burden of proof with respect to the issues raised by such counterclaim or intervention of the United States except as to the issue of whether the taxpayer has been guilty of fraud with intent to evade tax. This subsection shall not apply to a suit by a taxpayer which, prior to the date of enactment of this title, is commenced, instituted, or pending in a district court or the United States Court of Federal Claims for the recovery of any income tax, estate tax, or gift tax (or any penalty relating to such taxes). 26 U.S.C. sec. 7422(e).

deficiencia.    Íd.    Estos son los foros con jurisdicción dispuestos por la ley federal para dilucidar los reclamos antes intimados.

Previo a la aprobación de la Carta de Derechos del Contribuyente por parte del Congreso en el año 1996, no existía derecho federal de nivelación a favor de la persona responsable que pagara una cantidad mayor a su parte proporcional de responsabilidad por la penalidad establecida en la sección 6672 del Código Federal de Rentas Internas.  26 U.S.C. 6672(d).  Para aquel entonces algunos estados habían reconocido tal derecho a la luz del ordenamiento jurídico estatal[15] y otros lo habían rechazado.[16]  La nivelación dependía de que el estado reconociera dicha causa de acción, para que el deudor solidario que satisfizo la obligación pudiera recobrar el exceso de lo pagado, de acuerdo a su responsabilidad.

Posteriormente, como parte de la Carta de Derechos del Contribuyente, el Congreso enmendó el Código Federal de Rentas Internas para que las personas responsables de conformidad con la sección 6672, *supra*, tuvieran el derecho

---

[15]Véanse: Goldhill v. Kramer, 176 S.E.2d 232, 234 (Ga. Ct. App. 1970); Aardema v. Fitch, 684 N.E.2d 884, 899 (Ill. App. Ct. 1997); Kamins v. Spyres, 540 P.2d 1208, 1211 (Okla. Ct. App. 1975); People's Nat'l Bank of Souderton v. Onorato, 63 Pa. D. & C.2d 485, 491 (Ct. C.P. Montg'y Co. 1972); Esstman v. Boyd, 605 S.W.2d 237, 241 (Tenn. Ct. App. 1979).

[16]Véanse: Plato v. State Bank of Alcester, 555 N.W.2d 365, 367 (S.Dak. 1996); Wynne v. Fischer, 809 S.W.2d 264, 268 (Tex. App. 1991).

federal de nivelación o contribución.[17]   Asimismo, le impuso

al I.R.S. la obligación de revelar sus actividades de

recolección a todas las personas responsables por la misma

deuda. 26 U.S.C. sec. 6103(e)(9).[18]   Los hechos que

originaron la presente causa ocurrieron luego de la

aprobación de la referida enmienda.

En este punto es menester señalar que "como regla

general los tribunales estatales tienen jurisdicción para

atender todo asunto al amparo de las leyes estatales y

jurisdicción concurrente con los tribunales federales para

atender asuntos que surjan bajo el palio de las leyes

federales". SLG Semidey Vázquez v. ASIFAL, 177 D.P.R. 657,

679 (2009). Los tribunales estatales únicamente "carecen de

_____

[17]Véase, 104 P.L. 168; 110 Stat. 1452 (1996), codificado en el inciso (d) de la sección 6672, *supra*.

[18]§ 6103. Confidentiality and disclosure of returns and return information

   (e) Disclosure to persons having material interest.—

      (9) Disclosure of certain information where more than 1 person subject to penalty under section 6672.--If the Secretary determines that a person is liable for a penalty under section 6672(a) with respect to any failure, upon request in writing of such person, the Secretary shall disclose in writing to such person—

         (A) the name of any other person whom the Secretary has determined to be liable for such penalty with respect to such failure, and

         (B) whether the Secretary has attempted to collect such penalty from such other person, the general nature of such collection activities, and the amount collected. 26 U.S.C. sec. 6103(e)(9).

jurisdicción sobre algún asunto federal cuando el Congreso de Estados Unidos expresamente dispone esa exclusividad jurisdiccional, o cuando es palmaria la intención del Congreso de privar a los tribunales estatales de jurisdicción sobre dicho asunto federal". Íd. En el presente caso, nada hay en la enmienda en cuestión que indique que al incluir la acción de nivelación federal, el Congreso tuvo la intención –explícita o implícita– de ocupar el campo o impedir la obtención de un remedio de nivelación en los tribunales estatales a la luz de las propias leyes estatales. De ahí que la persona responsable que haya pagado una cantidad mayor a su parte proporcional de responsabilidad por la penalidad establecida en la sección 6672 del Código Federal de Rentas Internas pueda instar una acción a nivel federal bajo la sección 6672, *supra*, o una acción de nivelación bajo el derecho estatal, en aquellos estados en los que se reconozca tal causa de acción.

En Puerto Rico, la acción de nivelación emana de los artículos 1096 al 1099 del Código Civil. 31 L.P.R.A. secs. 3107-3110. El artículo 1098 dispone que el **deudor solidario** que hizo el pago sólo puede reclamar de **sus codeudores** la parte que a cada uno corresponda. 31 L.P.R.A. sec. 3109. Para que proceda la acción de nivelación es indispensable que exista solidaridad. Sólo si la responsabilidad es de carácter solidaria nace el derecho de nivelación o contribución, para aquellos casos en que un codeudor pague la totalidad de la deuda. Íd.; Véase, además, <u>Ortiz Muñoz v. Rivera Martínez</u>, 170 D.P.R. 869, 887 (2007). Esta acción

tiene el propósito de "evitar situaciones de enriquecimiento injusto, al distribuir la carga entre los que sean responsables". _S.L.G. Vázquez, Ibañez v. De Jesús, Vélez_, res. el 14 de diciembre de 2010, 2010 T.S.P.R. 227. Véanse, además, _U.S. FireInsurance v. A.E.E._, 174 D.P.R. 846, 856 (2008); _S.L.G. Szendrey v. Hospicare, Inc._, 158 D.P.R. 648, 654 (2003).

En sintonía con lo anterior, el artículo 1099 del Código Civil, 31 L.P.R.A. sec. 3110, dispone que "[l]a quita o remisión hecha por el acreedor de la parte que afecte a uno de los **deudores solidarios** no libra a éste de su responsabilidad para con los **codeudores** en el caso de que la deuda haya sido pagada por cualquiera de ellos". Íd. (Énfasis nuestro).

En cuanto a la sentencia sumaria, la regla 36.3 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, R. 36.3, aplicable al caso de epígrafe, dispone que ésta podrá dictarse si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia, demuestran "que no hay controversia real sustancial en cuanto a algún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente". Íd.

La sentencia sumaria puede emitirse sobre la totalidad o cualquier parte de la reclamación, 32 L.P.R.A. Ap. III, R. 36.2, y es el mecanismo procesal adecuado para resolver controversias que no requieran la celebración de un juicio.

Ramos Pérez v. Univisión de P.R., 2010 T.S.P.R. 15, res. el 3 de febrero de 2010. Un tribunal puede disponer de un caso sin celebrar un juicio en su fondo en aquellas situaciones en que la parte que la solicita demuestra que no existe controversia real sustancial en cuanto a ningún hecho material y que sólo resta disponer de las controversias de derecho existentes. PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881, 912 (1994).

Cualquier duda sobre la existencia de una controversia de hechos *bona fide* debe ser resuelta contra la parte peticionaria de la sentencia sumaria. González Aristud v. Hosp. Pavía, 168 D.P.R. 127, 138 (2006). Sin embargo, no cualquier duda sobre la existencia de una controversia de hecho material será impedimento para dictar sentencia sumaria. Ramos Pérez v. Univisión de P.R., *supra*. La duda ha de ser de tal magnitud que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. Íd.

Quien se oponga a que se dicte sentencia sumaria no puede cruzarse de brazos y descansar en sus alegaciones. Piovenetti García v. Touma, res. el 22 de abril de 2010, 2010 T.S.P.R. 61; Sánchez Montalvo v. Autoridad de Puertos, 153 D.P.R. 559, 570 (2001). El correcto proceder es refutar los hechos alegados mediante la presentación de prueba. Íd. Empero, la omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. Piovenetti García v. Touma, *supra*.

III

La Sucesión Ferraiuoli alega que no procede la acción de nivelación en el Tribunal de Primera Instancia porque el I.R.S. determinó que el señor Ferraiuoli Martínez no es deudor solidario del adeudo por la penalidad dispuesta en la sección 6672, *supra*. Por tanto, aduce que debe dictarse sentencia sumaria ante la ausencia de controversia de hechos sobre la determinación final y firme del I.R.S.

En cambio, el señor Córdova Dexter arguye que procede la acción de nivelación por lo pagado al I.R.S. en concepto de la penalidad que dicha agencia le impusiera como oficial de la corporación, puesto que "la deuda correspondía en partes iguales a los tres (3) accionistas". Véase, Moción para Exponer Posición del Demandante en Oposición a *Certiorari*, Apéndice, pág. 4. Esto, basado en que todos eran accionistas de la corporación en partes idénticas. Dicho de otra manera, el señor Córdova Dexter sostiene que el señor Ferraiuoli Martínez es deudor solidario de la deuda pagada al I.R.S. en virtud de la penalidad antes intimada, porque la determinación de tal agencia no lo exime de responsabilidad como oficial de la corporación. No le asiste la razón.

Para ser receptor de la penalidad dispuesta en la sección 6672 del Código Federal de Rentas Internas, *supra*, es indispensable que el oficial sea la "persona responsable" en la corporación de recolectar, informar y pagar cualquier impuesto establecido en dicho Código. 26 U.S.C. sec. 6672; United States v. Sotelo, *supra*, pág. 274. Además de lo anterior, resulta necesario que el I.R.S. determine que hubo

el elemento de deliberación al incumplir con esta obligación. Íd. Sólo las personas que cumplan con ambos requisitos serán responsables de las deudas de la corporación en concepto de la penalidad dispuesta en la sección 6672, *supra*. <u>Slodov v. United States</u>, *supra*.

En el caso ante nos, luego de realizar la investigación correspondiente, el I.R.S. determinó que el señor Ferraiuoli Martínez no era "persona responsable" para efectos de la penalidad establecida en la sección 6672, *supra*. Véase, Apéndice, págs. 64 y 65. Por el contrario, la referida agencia dispuso que las únicas personas responsables eran el señor Córdova Dexter y el señor Rodríguez González. Este hecho era conocido por el señor Córdova Dexter antes de presentar la demanda en cuestión. Véase, Apéndice, pág. 65. Aun así, insiste en que el señor Ferraiuoli Martínez es deudor solidario de la mencionada deuda y que de conformidad con los artículos 1098 y 1099 del Código Civil de Puerto Rico, *supra*, procede su acción de nivelación.

**El problema con su pretensión es que ambos artículos requieren que exista solidaridad para que proceda cualquier acción de nivelación, 31 L.P.R.A. secs. 3109 y 3110, y en el presente caso no hay solidaridad alguna que reclamar en cuanto al señor Ferraiuoli Martínez. Así lo determinó claramente el I.R.S., agencia que ostenta jurisdicción para determinar quién es "persona responsable" para efectos de la penalidad dispuesta en la sección 6672 del Código Federal de Rentas Internas.** Tal decisión es al día de hoy final y firme. Del mismo modo, entre los foros judiciales disponibles para

cuestionar dicha determinación administrativa federal no se encuentra el Tribunal General de Justicia del Estado Libre Asociado de Puerto Rico.

Ciertamente, tenemos jurisdicción para atender pleitos de nivelación entre deudores solidarios. Pero en el presente caso, nada hay que nivelar. Quién es deudor del I.R.S. en virtud de la penalidad dispuesta en la sección 6672, *supra*, es una determinación a ser realizada por la propia agencia federal, no por el Tribunal de Primera Instancia. A pesar de que el señor Córdova Dexter alega que no tiene intención de controvertir la determinación del I.R.S., la realidad es que con la presente causa tal sería el resultado. Esto, pues no hay forma de declarar con lugar la acción de nivelación, y proclamar al señor Ferraiuoli Martínez como deudor solidario, sin interferir inadmisiblemente con la determinación final y firme del I.R.S. en la cual se exonera a éste último de toda responsabilidad.

El señor Córdova Déxter pudo reclamar contra la sucesión del señor Rodríguez González. No lo hizo. Pudo reclamar porque el I.R.S. dictaminó que éste era el otro oficial de la corporación que respondía solidariamente por la deuda producto de la penalidad dispuesta en la sección 6672 del Código Federal de Rentas Internas, *supra*. De esa forma, hubiera tenido la oportunidad de recobrar el exceso de lo pagado como deudor solidario por la deuda en cuestión. Sin embargo, optó por demandar a quien no responde por la mencionada deuda ante el I.R.S., según resuelto por la propia agencia.

Luego de evaluar los documentos en apoyo a la moción de sentencia sumaria presentada por el señor Ferraiuoli Martínez y aquellos en oposición presentados por el señor Córdova Dexter, somos del criterio de que no existe controversia real y sustancial sobre ningún hecho material y **pertinente** que impida dictar sentencia sumaria. Del expediente surge claramente la determinación del I.R.S. respecto a que el señor Ferraiuoli Martínez no es un oficial de la corporación responsable por la penalidad establecida en la sección 6672, *supra*. Asimismo, de los documentos acompañados a la moción de sentencia sumaria y de las admisiones de la propia parte demandante, surge con igual claridad que la mencionada agencia federal resolvió que las personas responsables del adeudo son los señores Córdova Déxter y Rodríguez González.

Concluimos que la determinación del I.R.S. en la cual se exonera a un oficial de una corporación de una deuda producto de la penalidad dispuesta en la sección 6672 del Código Federal de Rentas Internas, *supra*, es concluyente en un pleito de nivelación sobre el mismo adeudo presentado en el Tribunal de Primera Instancia. Así, pues, no procede declarar como "persona responsable" de una deuda ante el I.R.S. a quien la propia agencia determinó que nada le debía.

IV

Por los fundamentos antes expuestos, se expide el recurso de *certiorari* de epígrafe, se revoca el dictamen del Tribunal de Apelaciones y se dicta sentencia sumaria declarando sin lugar la demanda.

Se dictará sentencia de conformidad.


                                        Luis F. Estrella Martínez
                                             Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luis Córdova Dexter

    Recurrido

        v.                CC-2010-0585     Certiorari

Sucesión Ferraiuoli y
otros

    Peticionarios

SENTENCIA

San Juan, Puerto Rico, a 5 de agosto de 2011.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca el dictamen del Tribunal de Apelaciones y se dicta sentencia sumaria declarando sin lugar la demanda.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Juez Asociada señora Rodríguez Rodríguez no interviene.

Larissa Ortiz Modestti
Secretaria del Tribunal Supremo Interina