ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| COMITÉ AMIGOS PABLO COLÓN SANTIAGO, representado por su Presidente, Lcdo. Pablo Colón Santiago<br><br>Recurridos<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE PONCE; HON. LUIS IRIZARRY PABÓN, FULANO DE TAL y SUTANO DE TAL<br><br>Peticionarios | KLCE202401176 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Número: PO2022CV02601<br><br>Sobre: Entredicho Provisional, Injunction Preliminar y Permanente; Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Aldebol Mora

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de diciembre de 2024.

Comparece la parte peticionaria, el Municipio Autónomo de Ponce quien nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 5 de septiembre de 2024, notificada el 9 de septiembre. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la solicitud de sentencia sumaria que promovió el Municipio.

Examinada la solicitud, se deniega la expedición del auto de *Certiorari*.

## I.

El 14 de septiembre de 2022 el Comité Amigos Pablo Colón Santiago representado por su presidente, el Lcdo. Pablo Colón Santiago presentaron una demanda sobre entredicho provisional, *injunction* preliminar y permanente y daños y perjuicios, en contra del Municipio Autónomo de Ponce y su alcalde, el Hon. Luis Irizarry

Pabón. Alegaron que el Lcdo. Pablo Colón publicó su aspiración a la presidencia del Comité Municipal del Partido Nuevo Progresista (PNP) en el Municipio de Ponce, cuya primaria se celebraría el 2 de octubre de 2022. Adujeron que, como parte de la campaña electoral, colocó propaganda en postes de distintos sectores de Ponce. Que el personal del Municipio removió, arrancó, dañó y destruyó la propaganda en dos fechas distintas. Sostuvieron que tales actuaciones constituían un delito grave, conforme el Artículo 12.20 del Código Electoral de Puerto Rico de 2020, Ley Núm. 58-2020, 16 LPRA sec. 4820.

El 22 de septiembre de 2022 el Tribunal desestimó la petición de entredicho provisional. Luego, integró como demandante al Lcdo. Colón Santiago en su carácter personal.

El 7 de octubre de 2022 las partes presentaron una *Moción Para Someter Estipulación* en la cual acordaron, "lo que los testigos declararían para efectos de la vista de *injunction* preliminar sin estipular su veracidad". Los testigos que la parte Demandante anunció eran el Sr. Carlos Enrique Espada Mateo, Sr. José M. Serrano Rodríguez, Sr. Jonathan Rivera Santiago y el Lcdo. Pablo Colón Santiago. Por el demandado se identificó como testigo al Sr. Oscar Nazario.

El Tribunal de Instancia celebró una Vista Argumentativa. El 17 de octubre de 2022 emitió una *Sentencia Parcial* acogiendo como determinaciones de hecho los testimonios estipulados. También, declaró *Con Lugar* el *Interdicto Preliminar* solicitado por el Lic. Pablo Colón Santiago en su carácter personal, por razón del evento electoral que se aproximaba. A su vez, la Sala de Instancia, le permitió al Lcdo. Colón Santiago colocar la propaganda en los postes enclavados en la jurisdicción del Municipio de Ponce. También, le prohibió al Municipio a remover

la propaganda del Lcdo. Pablo Colón Santiago por el término que dispone el Artículo 12.21 de la Ley Núm. 58-2020, *supra*.

Esta determinación fue confirmada por nuestro Foro en Sentencia de 29 de marzo de 2023 en la causa KLAN202200861.

Después de varias incidencias procesales, el 30 de octubre de 2023, el Municipio interpuso una *Solicitud de Sentencia Sumaria*. Sostuvo que no procedía la causa de acción en daños, porque aplicaba la inmunidad soberana que protege al Estado de demandas. Argumentó que, de acuerdo con la Ley Núm. 107-2020, conocida como el *Código Municipal de Puerto Rico de 2020*, 21 LPRA sec. 7001 *et seq*., los municipios no renunciaban a su inmunidad en ciertos casos, especialmente cuando actuaban conforme a las leyes y ordenanzas vigentes. Especificó que retiró los letreros basado en regulaciones municipales que no se declararon inconstitucionales. A tales fines, propuso como hechos que no estaban en controversia los siguientes, basados en el testimonio del Sr. Nazario:

1. Oscar Nazario ha dirigido obras públicas y conservación de ornato en distintos municipios durante los últimos 8 años. Esto incluye su trabajo en Juana Díaz, San Juan, y su posición actual en Ponce. Véase pág. 7, inciso 7(a) y (b) de la Sentencia Parcial Interdicto Preliminar.

2. Actualmente, Oscar Nazario dirige el Departamento de Obras Públicas de Ponce. Véase pág. 7, inciso 7(a) y (b) de la Sentencia Parcial Interdicto Preliminar.

3. El 14 de agosto de 2022, Oscar Nazario tuvo una conversación con Carlos Espada Mateo, quien preguntó sobre la actividad de remoción de rótulos.

4. Oscar Nazario explicó que estaban removiendo los rótulos para cumplir con la ordenanza municipal. Véase pág. 7, inciso 7(c) de la Sentencia Parcial Interdicto Preliminar.

5. El 13 de agosto de 2022, Oscar Nazario vio rótulos alrededor de las 10 de la noche mientras estaba con un compañero de trabajo. Véase pág. 8, inciso 7(f) de la Sentencia Parcial Interdicto Preliminar.

6. El 14 de agosto de 2022 se removieron rótulos por instrucciones de Oscar Nazario. Véase pág. 7, inciso 7(c) de la Sentencia Parcial Interdicto Preliminar.

7. El 13 de septiembre de 2023, mientras las brigadas limpiaban el municipio por la temporada de huracanes, un rótulo en Punto Oro se encontraba en el suelo, y un camión de su brigada lo recogió. Véase pág. 8, inciso 7(g) y (h) de la Sentencia Parcial Interdicto Preliminar.

8. No proporcionó un recibo ni una hoja de trámite para el rótulo removido el 13 de septiembre, ya que su personal no estaba recogiendo rótulos; simplemente consideraron que estaban en la calle como basura normal y los montaron en el camión. Véase pág. 8, inciso 7(g) y (h) de la Sentencia Parcial Interdicto Preliminar.

9. Las instrucciones para remover los rótulos las dio él, Oscar Nazario, ya que consideró que eran rótulos muy grandes que dificultaban la visibilidad de los vehículos. Véase pág. 8, inciso 7(m) y (n) de la Sentencia Parcial Interdicto Preliminar.

10. Oscar Nazario mencionó que el alcalde no dio instrucciones para remover rótulos, y él tomó la decisión basada en su conocimiento de sus deberes como director de obras públicas y el mantenimiento del ornato público. Véase pág. 8, inciso 7(m) y (n) de la Sentencia Parcial Interdicto Preliminar.

11. Oscar Nazario señaló que Pablo Colón tiene disponibles tablones de difusión pública para colocar su publicidad en lugares permitidos según las ordenanzas. Véase pág. 8, inciso 7(p) de la Sentencia Parcial Interdicto Preliminar.

Revisado el asunto, el Foro Primario denegó la solicitud de Sentencia Sumaria. En desacuerdo, el Municipio interpuso un recurso de *Certiorari* en el Tribunal de Apelaciones, asignado al KLCE202400006. El 11 de abril de 2024, nuestro Foro revocó y remitió el asunto al Tribunal Primario, para la parte recurrida presentara su oposición en los méritos a la *Solicitud de Sentencia Sumaria* y con ello, el Foro revisado resuelva conforme a derecho.

Según requerido, el 8 de julio de 2024 el Demandante presentó su *Moción en Oposición a Solicitud de Sentencia Sumaria*. En esencia, adujo que los hechos 3 y 4 estaban en controversia y debían ser escrutados en su contexto con el testimonio del Sr. Carlos Enrique Espada Mateo. Indicó que el hecho propuesto número 5 no podía tomarse como correcto de forma aislada, sino que debía revisarse en el contexto con el

testimonio del Sr. José M. Serrano Rodríguez y el Sr. Jonathan Rivera. Sobre los hechos propuestos 6, 7, 8, indicó que eran falsos, según el testimonio estipulado del Sr. Carlos Enrique Espada Mateo. Sobre el hecho propuesto 9 y 10 indicó que la aseveración era falsa y aludió a que Nazario era un testigo mendaz que incluso había declarado contra el codemandado Luis Irizarry Pabón. Sobre el hecho propuesto 11 señaló que la aseveración era falsa, según el testimonio estipulado del Lcdo. Pablo Colón Santiago. Enfatizó que los actos que realizó el Municipio se tratan de acciones constitutivas de negligencia por los cuales responde.

Evaluados los escritos de las partes, el 5 de septiembre de 2024, notificada el día 9 de septiembre, el Tribunal de Primera Instancia declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria*. Concluyó la Sala de Instancia que no estaba en posición de acoger los hechos propuestos por la parte promovente como hechos que no estaban en controversia. Expuso el Foro Primario que, "la parte demandada logró controvertir los hechos propuestos por la parte demandante toda vez que los mismos se limitan al testimonio del Sr. Oscar Nazario, sin considerar el resto de los testimonios también estipulados por las partes para los fines de adjudicar la solicitud del Interdicto Preliminar."[1] Agregó la Sala Primaria que, "en el presente caso existen controversias sobre hechos materiales que impiden su adjudicación al amparo del mecanismo procesal de la sentencia sumaria. No estamos en posición de concluir que los funcionarios del Municipio aquí demandado no incurrieron en los actos de negligencia que se le imputan en las alegaciones de la Demanda. Para ello, resulta necesario la celebración de un juicio en sus méritos."[2]

---

[1] Apéndice pág. 14.
[2] Íd.

En desacuerdo, el 23 de septiembre de 2024, el Municipio presentó una *Solicitud de Reconsideración* y la Sala de Instancia la denegó el 27 de septiembre de 2024.

Aun insatisfecho, el 25 de octubre de 2024, el Municipio instó el recurso que atendemos con el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al no determinar que, como cuestión de derecho, no procede una reclamación en daños y perjuicios contra el Municipio de Ponce cuando este actúa en cumplimiento de una ordenanza municipal no declarada inconstitucional o en el ejercicio de un función discrecional, aun cuando hubiere abuso de discreción.

El recurrido Lcdo. Pablo Colón presentó su oposición al recurso. Con el beneficio de los escritos, disponemos.

## II.

## A.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. Torres González v. Zaragoza Meléndez, 211 DPR 821, 847 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, nos faculta a revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurre de la denegatoria de una moción de carácter dispositivo.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. La referida regla dispone lo siguiente:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De los factores antes mencionados, se desprende que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido y/o una dilación injustificada del litigio. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008).

**B.**

La Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, regula todo lo concerniente al mecanismo de sentencia sumaria.

Cruz, López v. Casa Bella y otros, 2024 TSPR 47, 213 DPR ___ (2024); Aponte Valentín et al. v. Pfizer Pharm., 208 DPR 263, 277 (2021). La sentencia sumaria es el mecanismo procesal adecuado para resolver casos en los que no es necesaria la celebración de un juicio por no existir duda sobre los hechos esenciales, contarse con toda la evidencia necesaria y solo restar la aplicación del derecho. Banco Popular de Puerto Rico v. Laureano Zorrilla Posada y otro, 2024 TSPR 62, 213 DPR __ (2024); 32 LPRA Ap. V, R. 36.3(e); Lugo Montalvo v. Sol Meliá Vacation, 194 DPR 209, 225 (2015); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 555-556 (2011).  Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. Reglas 36.1 y 36.2 de Procedimiento Civil, *supra*.

Sin embargo, la omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. Mun. de Añasco v. ASES et al., 188 DPR 307, 327 (2013); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 556 (2011); González Aristud v. Hosp. Pavía, 168 DPR 127, 138 (2006). En tal caso, la sentencia sumaria procederá, si el tribunal queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y de que, por lo tanto, una vista en los méritos resulta innecesaria. Mun. de Añasco v. ASES et al., *supra*; Córdova Dexter v. Sucn. Ferraiuoli, *supra*, pág. 555.

Cuando se habla de hechos materiales, se refiere a aquellos que pueden alterar la forma en que se resuelve una reclamación, de acuerdo con el derecho sustantivo aplicable. Cruz, López v. Casa Bella y otros, *supra*; Zambrana García v. ELA et al., 204 DPR 328, 341 (2020).  Así pues, para que proceda este mecanismo es necesario que de los documentos no controvertidos surja de que

no hay una controversia real y sustancial sobre los hechos del caso. Universal Ins. y otro v. ELA y otros, 211 DPR 455, 471 (2023); Ramos Pérez v. Univisión, 178 DPR 200, 214 (2010). De no haber hechos materiales en controversia, el tribunal dictará sentencia sumaria siempre que proceda en derecho. Cruz, López v. Casa Bella y otros, *supra*; Aponte Valentín et al. v. Pfizer Pharm., *supra*, pág. 278; Rivera Matos et al. v. Triple-S et al., 204 DPR 1010-1024 (2020).

Por otro lado, el Tribunal Supremo ha manifestado que no es aconsejable dictar sentencia sumaria en casos donde existe controversia sobre asuntos de credibilidad o que envuelvan aspectos subjetivos, como la intención, los propósitos mentales o la negligencia. Cruz, López v. Casa Bella y otros, *supra*; Aponte Valentín et al. v. Pfizer Pharm., *supra*, pág. 278. En otras palabras, un tribunal, en el sano ejercicio de su discreción, debe abstenerse de resolver mediante el mecanismo de sentencia sumaria controversias en las que subyacen elementos subjetivos de intención, propósitos mentales o negligencia, y cuando el factor credibilidad sea esencial y esté en disputa. Rivera Rodríguez v. Rivera Reyes, 168 DPR 193, 211-212 (2006). El principio rector que debe guiar al juzgador en la determinación sobre si procede o no la sentencia sumaria es el sabio discernimiento, ya que mal utilizada, puede prestarse para privar a un litigante de su "día en corte", principio fundamental del debido proceso de ley. Mun. de Añasco v. ASES et al., *supra*, págs. 327-328.

En cuanto al alcance de la revisión judicial, es norma reiterada que los tribunales apelativos nos encontramos en la misma posición que el foro primario al evaluar la procedencia de una sentencia sumaria. Cruz, López v. Casa Bella y otros, *supra*; Birriel Colón v. Econo y otros, 2023 TSPR 120, 213 DPR ___ (2023); Rivera Matos et al. v. Triple-S et al., *supra*, pág. 1025. Así pues,

la revisión de los foros apelativos conlleva examinar *de novo* el expediente del caso de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el foro primario. Íd.

**C.**

El Artículo 1.051 del *Código Municipal de Puerto Rico*, Ley Núm. 107 de 13 de agosto de 2020, según enmendada, 21 LPRA sec. 7082, provee que toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar una notificación escrita dirigida al Alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido.

Asimismo, el Artículo 1.052 del *Código Municipal*, 21 LPRA sec. 7083, permite que se establen acciones contra los municipios por daños y perjuicios a la persona o la propiedad, causados por **culpa o negligencia** de estos, dentro de los límites económicos que establece referida Ley. (Énfasis nuestro).

A su vez, el Artículo 1.053, 21 LPRA sec. 7084, establece que no estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:

(a) En el cumplimiento de una ley, reglamento u ordenanza, aun cuando éstos resultaren ser nulos.

(b) En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción.

[…]

(d) Constitutivo de acometimiento, agresión u otro delito contra la persona, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura.
[…]

## III.

El Municipio alega que sus funcionarios actuaron en conformidad con las legislaciones y ordenanzas aplicables. En particular, expresó que el Director de Obras Públicas, Oscar Nazario, explicó que la remoción de rótulos se llevó a cabo para cumplir con la ordenanza municipal, lo que le otorga la protección bajo la inmunidad soberana. Resaltó que las acciones se llevaron a cabo en cumplimiento de una ordenanza municipal vigente y en el ejercicio de una función discrecional, por lo que, procedía desestimar la demanda. Nos expresamos.

Revisamos que la Moción de Sentencia Sumaria que presentó el Municipio no contenía documento alguno en apoyo. En esta, el Municipio propuso once (11) hechos a tenor con el testimonio estipulado del Sr. Oscar Nazario. El propósito de estos hechos era establecer que el empleado del Municipio, al remover los rótulos, actuó de conformidad a las legislaciones y ordenanzas aplicables, por lo que, no procedía en Derecho la reclamación incoada.

En la Oposición a la Moción de Sentencia Sumaria, el Lcdo. Pablo Colón explicó que los hechos propuestos, basados en las declaraciones del Sr. Nazario había que evaluarlas en contexto y en conjunto con las declaraciones de los testigos del demandante. Este expuso que las actuaciones de los funcionarios fueron negligentes.

De este modo, se creó una evidente controversia sobre hechos materiales y esenciales, en cuanto a si las actuaciones de los empleados municipales estaban resguardadas por la ley o, si por el contrario, se trató de actos negligentes, según alega el demandante. Ante ello, resulta adecuado y razonable que el foro primario expresara en la Resolución que revisamos que, "no estaba en posición de concluir que los funcionarios del Municipio

aquí demandado no incurrieron en los actos de negligencia que se le imputan en las alegaciones de la Demanda." Es menester dilucidar estos hechos y tenerlos claros, pues de ellos depende la aplicación del derecho y la posible responsabilidad del Municipio.

Sabido es que la sentencia sumaria es un remedio discrecional que el tribunal puede conceder únicamente cuando no tiene dudas sobre los hechos esenciales. Si existen dudas sobre los hechos, estas deben dirimirse en una vista en su fondo, tal como el Tribunal de Instancia lo hizo.

Por todo lo cual, tras evaluar las mociones de las partes, junto al marco jurídico que rige la causa, declinamos intervenir con el dictamen recurrido. Tampoco, está presente alguna de las circunstancias que contempla la Regla 40 de nuestro Reglamento, que justifique variar la decisión del Foro revisado.

### IV.

En virtud de lo antes consignado, resolvemos **denegar** expedir el auto de *certiorari* solicitado por el Municipio de Ponce.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones