Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| NATALIA MARÍA GUZMÁN PÉREZ<br><br>Recurrida<br><br>V.<br><br>OWEN THOMAS CALLAHAN<br><br>Peticionario | KLCE202300917 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2021CV00450<br><br>Sobre:<br><br>Cobro de Dinero |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de septiembre de 2023.

-I-

Comparece el Sr. Owen Thomas Callahan (en adelante el señor Callahan o el peticionario) y nos solicita que revisemos una Resolución emitida el 14 de julio de 2023, notificada el 17 de julio, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), en la que se declaró No Ha Lugar una *Moción Solicitando Determinaciones Adicionales al Amparo de la Regla 43 de Procedimiento Civil y Solicitud de Reconsideración* presentada por dicha parte. El efecto de dicha de determinación fue mantener en vigor los términos de una *Resolución*[1] emitida el 8 de junio de 2023, notificada el 12 de junio, en la que el foro primario, además de concluir que no procedía una *Moción Solicitando Sentencia Sumaria Parcial* presentada por la Sra. Natalia María Guzmán Pérez (en

---

[1] Véase páginas 8-15 del Apéndice del recurso.

adelante la recurrida), declaró No Ha Lugar la *Solicitud de Sentencia Sumaria* presentada el 18 de abril de 2023 por el peticionario.[2]

El caso que nos ocupa tiene su origen en una demanda de cobro de dinero en la que la recurrida le reclamó al peticionario ciertas cuantías por concepto de daños contractuales, cuasicontractuales o *excontractu* por renta imputada al éste permanecer ocupando una propiedad perteneciente a la demandante luego de la separación de ambos, quienes estaban casados legalmente y habían otorgado capitulaciones matrimoniales.

Así las cosas, en su *Resolución* mediante la cual se decretó la improcedencia de la solicitud de sentencia sumaria instada por el peticionario, el TPI formuló quince (15) determinaciones de hechos no controvertidos e identificó tres (3) hechos en controversia:

(1) Si se configuró entre las partes un contrato de arrendamiento y, de haberse configurado, los términos del mismo.

(2) Si la demandante podía aumentar el pago mensual por la ocupación de la propiedad.

(3) El daño recibido por la señora Guzmán y la cantidad que ésta tiene derecho a recibir, si alguna, por el señor Callahan haber ocupado el inmueble.

En cuanto a la solicitud del señor Callahan, el foro primario concluyó que de los hechos considerados quedaba claramente establecido que el inmueble objeto de la controversia le pertenece a la recurrida y que el aquí peticionario lo habitaba sin el consentimiento de aquella. También, el TPI precisó que mediante determinación en el caso BY2020CV04184, confirmada por un Panel Hermano de este Tribunal en el caso KLAN202100900, se estableció que el peticionario no tiene derecho alguno sobre el inmueble, por lo que en este caso no tenía opción a acatar lo que ya era cosa juzgada.

---

[2] Véase página 34 del Apéndice del recurso.

Inconforme con lo anterior, en su comparecencia ante nos el peticionario formula los siguientes señalamientos de error:

> Erró el Tribunal de Primera [Instancia] al no tener por admitidos los treinta y siete (37) hechos incontrovertidos expuestos por el Sr. Callahan en su Solicitud de Sentencia Sumaria, a pesar de que la recurrida no presentó oposición a esta, ni controvirtió de forma alguna los hechos expuestos.
>
> Erró el Tribunal de Primera Instancia al denegar una solicitud de determinaciones adicionales al amparo de la Regla 43 de Procedimiento Civil sin exponer los fundamentos de su determinación, privando así a este Honorable Tribunal de ejercer adecuadamente su función revisora, en violación al debido proceso de ley que cobija al Sr. Callahan.

Con el beneficio de la comparecencia de la parte recurrida, resolvemos.

-II-

-A-

El *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); 800 *Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I, supra*; *Scotiabank v. ZAF Corp et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que sólo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." *800 Ponce de León v. AIJ, supra*.

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

-B-

La sentencia sumaria es un mecanismo procesal que provee nuestro ordenamiento para propiciar la solución justa, rápida y económica de controversias en las cuales resulta innecesario celebrar un juicio plenario. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013); *Const. José Carro v. Mun. Dorado*, 186 DPR 113 (2012); *Mejías et al. V. Carrasquillo et al.*, 185 DPR 288 (2012). Su función es permitir que en litigios de naturaleza civil una parte pueda mostrar previo al juicio que, tras las partes contar con la evidencia que ha sido debidamente descubierta, no existe una controversia material de hecho que deba ser dirimida en un juicio plenario y que, por tanto, el tribunal está en posición de aquilatar esa evidencia para disponer del caso ante sí. *Rodríguez Méndez, et als v. Laser*

*Eye*, 195 DPR 769 (2016); *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209 (2015); *Const. José Carro v. Mun. Dorado, supra*, pág. 128.

El mecanismo de la sentencia sumaria está regido por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V. Esta Regla dispone que la solicitud de sentencia sumaria puede ser presentada por cualquiera de las partes que solicite un remedio por medio de una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. Se dictará sentencia sumaria si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demuestran que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de Derecho, procede hacerlo. Regla 36.3 (e) de Procedimiento Civil, *supra; SLG Zapata-Rivera v. J.F. Montalvo*, *supra.*

La sentencia sumaria procede únicamente en aquellos casos en los que no existen controversias reales y sustanciales en cuanto los hechos materiales, por lo que lo único que queda, por parte del poder judicial, es aplicar el Derecho. *Oriental Bank & Trust v. Perapi S.E.*, 192 DPR 7 (2014); *SLG Zapata-Rivera v. J.F. Montalvo, supra*; *Nieves Díaz v. González Massas*, 178 DPR 820 (2010). Un hecho material es aquel que puede afectar el resultado de la reclamación al amparo del Derecho sustantivo aplicable. *Ramos Pérez v. Univisión*, 178 DPR 200 (2010); *Abrams Rivera v. ELA*, 178 DPR 914 (2010). La calidad del "hecho material" debe ser suficiente como para que sea necesario que un juez o jueza la dirima a través de un juicio plenario. *Ramos Pérez v. Univisión, supra.* Es decir, luego de aquilatar prueba testifical y de dirimir cuestiones de credibilidad.

Se ha establecido el formato y la manera específica de demostrar la inexistencia de controversia de hechos y la

correspondiente manera de derrotar la propuesta de que no existe controversia de hechos. Regla 36.3 (a) (1)-(4) de Procedimiento Civil, *supra*; *SLG Zapata-Rivera v. J. F. Montalvo, supra*, pág. 432; Regla 36.3 (b) (2), *supra*; *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714 (1986).

Cuando la moción de sentencia sumaria está sustentada con declaraciones juradas o con otra prueba, la parte que se opone no puede descansar en meras alegaciones y afirmaciones. Por el contrario, debe someter evidencia sustancial de los hechos materiales que están en disputa y demostrar que tiene prueba para sustanciar sus alegaciones. *Ramos Pérez v. Univisión, supra.* De no oponerse, correrá el riesgo de que la solicitud de sentencia sumaria sea acogida por el tribunal y se resuelva en su contra. *Ramos Pérez v. Univisión, supra*; *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000). Toda duda sobre la existencia de una controversia de hechos bona fide debe ser resuelta contra la parte que solicita la sentencia sumaria. *SLG Zapata-Rivera v. J.F. Montalvo, supra*; *Córdova Dexter v. Sucesión Ferraiuoli*, 182 DPR 541 (2011). Por lo tanto, al determinar si existen controversias de hechos que impiden dictar sentencia sumaria, el juzgador debe analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos con la Moción en Oposición, así como los que obren en el expediente. Dicho examen debe ser guiado por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria. *Rosado Reyes v. Global Health Group, LLC*, 205 DPR 796, 809 (2020); *Ramos Pérez v. Univisión, supra.* De existir dudas sobre la existencia de una controversia de hechos, estas deben resolverse en contra del promovente ya que este mecanismo procesal no permite que el tribunal dirima cuestiones de credibilidad. Íd.; *Mgmt. Adm. Servs. Corp. v. ELA*, 152 DPR 599, 610 (2000); *Cuadrado Lugo*

*v. Santiago Rodríguez,* 126 DPR 272 (1990); *Corp. Presiding Bishop v. Purcell, supra,* pág. 720.

En *Meléndez González et al. v. M. Cuebas, supra,* se estableció el estándar específico que debe utilizar este Tribunal al momento de revisar denegatorias o concesiones de mociones de sentencia sumaria. Primero, el Tribunal de Apelaciones se encuentra en la misma posición del TPI al momento de revisar solicitudes de sentencia sumaria. Ello implica que, este Tribunal está regido por la Regla 36 de Procedimiento Civil, *supra,* y, por consiguiente, le aplican los mismos criterios que la jurisprudencia y la Regla 36, *supra,* le exigen al foro primario. Segundo, por estar este foro apelativo en la misma posición que el primario, tenemos la obligación de revisar que tanto la moción de sentencia sumaria como su oposición, en caso de presentarse, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra,* según fueron pautados en *SLG Zapata-Rivera v. JF Montalvo, supra.* Tercero, en el caso de revisión de una Sentencia dictada sumariamente, este tribunal tiene que examinar si en realidad existen hechos materiales en controversia. De haberlos, estamos compelidos a cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, *supra,* por lo que tenemos la ineludible obligación de exponer concretamente los hechos materiales que encontramos están en controversia y, de haberlos, cuáles resultan ser incontrovertidos. Esta determinación procede ser hecha en la Sentencia que disponga del caso. También estamos facultados para hacer referencia al listado enumerado de hechos incontrovertidos que determinó el TPI. Cuarto, de encontrar este Tribunal de Apelaciones que los hechos materiales realmente resultan ser incontrovertidos, procede entonces revisar de novo si el TPI aplicó correctamente el Derecho.

-C-

La Regla 43 de Procedimiento Civil, 32 LPRA Ap. V. R. 43, permite a una parte adversamente afectada por una orden, resolución o sentencia del TPI, la oportunidad de presentar una moción de determinaciones de hechos adicionales dentro del término de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la orden, resolución o sentencia. La moción debe exponer con suficiente particularidad y especificidad los hechos y el derecho que se estima deben reconsiderarse. Una vez considerada la referida moción, el tribunal, si así lo entiende procedente, **podrá** enmendar o hacer determinaciones adicionales o **podrá** enmendar la sentencia de conformidad. Regla 43.1 de Procedimiento Civil, 32 LPRA Ap. V. R. 43.1. Esta no procede cuando se trata de una resolución. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018).

-III-

Dado que se trata de la revisión de una Resolución en la que dispuso de los méritos de una moción de sentencia sumaria, previo a atender los planteamientos del recurso de *certiorari*, debemos, tal cual se nos exige, examinar si la referida moción cumplió con los requisitos de forma que exige la Regla 36.3 de Procedimiento Civil, *supra.* Realizado tal examen, concluimos que, en efecto, en su comparecencia ante el foro primario la parte peticionaria incluyó una relación concisa y enumerada de los hechos sobre los que alegó no existía controversia y estableció la relación con aquella evidencia que sometió en apoyo de tales hechos. Sin embargo, un examen de la totalidad del expediente nos lleva a concluir, al igual que el TPI, que los hechos controvertidos determinados en la Resolución de dicho foro, y que aquí adoptamos por referencia, impiden la adjudicación sumaria del asunto. A esto se añade la circunstancia, de no poca importancia y reconocida por el TPI en su *Resolución*, de

la existencia de una determinación judicial previa en otro pleito donde se estableció la titularidad exclusiva de la recurrida sobre el bien inmueble sobre cuyo se litiga en este caso.

De otra parte, y en cuanto al segundo señalamiento de error, debemos señalar que conforme al texto de la Regla 43 de Procedimiento Civil, *supra*, la adjudicación de una moción sobre determinaciones adicionales es una que recae en la sana discreción del juzgador. Conforme a nuestro estado de Derecho, la referida moción únicamente puede presentarse luego del foro concernido emita una sentencia y no está disponible como remedio ante una resolución como la emitida por el TPI en este caso.

Así las cosas, y luego de evaluar la totalidad del expediente del caso junto a la *Resolución* recurrida, en el ejercicio de nuestra discreción, declinamos la invitación del peticionario a intervenir con lo actuado por el TPI. Nos resta añadir, que, considerados los fundamentos previamente expuestos, la parte peticionaria tampoco nos persuadió de que el TPI hubiese cometido error alguno, mucho menos uno que justifique nuestra intervención en esta etapa de los procedimientos.

-IV-

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari* en el recurso de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones