Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| GLADYMELL MARTÍNEZ NEGRÓN<br><br>Recurrida<br><br>v.<br><br>DDR RÍO HONDO LLC H/N/C PLAZA RÍO HONDO, SE; **CHUBB INSURANCE COMPANY OF PUERTO RICO** Y OTROS<br><br>Peticionaria | KLCE202400323 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso núm.: BY2021CV05343 (703)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de abril de 2024.

En un caso de daños y perjuicios por una caída en los terrenos de un centro comercial, el Tribunal de Primera Instancia ("TPI") denegó una moción de sentencia sumaria presentada por la aseguradora del referido centro comercial. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir con lo actuado por el TPI.

I.

En diciembre de 2021, la Sa. Gladymell Martínez Negrón (la "Demandante") presentó la acción de referencia, sobre daños y perjuicios (la "Demanda"), en contra de DDR Río Hondo LLC (el "Centro") y Chubb Insurance Company of Puerto Rico (la "Aseguradora").

La Demandante alegó que, el 9 de enero de 2021, se encontraba en *Plaza Río Hondo Mall*, en Bayamón, y que, al salir caminando del Centro a través de la salida ubicada en el área de la tienda *Best Buy*, para dirigirse al estacionamiento, se tropezó con

un muro ubicado en un área de carga y cayó al suelo, como resultado de lo cual sufrió daños.

En junio de 2022, la Aseguradora trajo como tercero demandado a *Best Buy Store PR, LLC* (la "Tienda"). La Aseguradora planteó que, de conformidad con el contrato de arrendamiento entre el Centro y la Tienda, el área donde ocurrió el accidente estaba bajo el control de la Tienda. Sostuvo, por tanto, que es la Tienda quien respondería a la Demandante por la caída.

En noviembre de 2023, la Aseguradora presentó una *Moción en Solicitud de Sentencia Sumaria* (la "Moción"). Arguyó que la caída ocurrió por la decisión de la Demandante de voluntariamente asumir el riesgo de tramitar por un área peligrosa, a pesar de tener otra alternativa visible y segura para proceder. Sostuvo que el muro en el área donde ocurrió el accidente era perceptible a simple vista cuando la Demandante caminó por el área de carga, y que la Demandante optó por no usar una rampa de impedidos para bajar al pavimento.

Además, la Aseguradora planteó que el lugar de la caída estaba bajo el control de la Tienda y que, de conformidad con el contrato de arrendamiento entre la Tienda y el Centro, era la Tienda quien debía responderle a la Demandante y, además, defender e indemnizar al Centro de reclamaciones como la presente.

La Tienda se opuso a la Moción; en lo pertinente, señaló que el lugar de la caída no estaba bajo su control, sino bajo el control del Centro. De todas maneras, también sostuvo que era el Centro quien le daba mantenimiento al área. Por su parte, la Demandante también se opuso a la Moción.

Mediante una Resolución notificada el 30 de enero (la "Resolución"), el TPI denegó la Moción. Razonó que el récord no le permitía determinar, de forma incontrovertida, quién tenía el control del área de la caída. Específicamente, el TPI concluyó que del récord

"no surge quién es el responsable del accidente, ni cuáles eran las medidas de seguridad que existían en el área"; además, expuso que "no queda claro que el área donde ocurrió el accidente [esté] bajo el control" de la Tienda. Razonó que, "de los contratos[,] no queda claro quién tiene el control del área", ni tampoco "quién, por costumbre, lo mantenía y realmente lo controlaba".

El 14 de febrero, la Aseguradora solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante un dictamen notificado el 16 de febrero.

Inconforme, el 15 de marzo, la Aseguradora presentó el recurso que nos ocupa. Arguye que no hay controversia sobre el hecho de que la Demandante decidió atrechar por una zona de carga, en vez de caminar por la acera disponible, y que esta se cayó por "caminar sin mirar al piso", al tropezar "con un muro enteramente perceptible, a plena luz del día …". Insistió en que el área de carga la usaba de forma exclusiva la Tienda, por lo cual no podía considerarse como un área común del Centro. Disponemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Diaz de León,* 176 DPR 913, 917 (2009); *García v Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v Torres Ghigliotty,* 175 DPR 83, 98 (2008)*; Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

Por otra parte, la Regla 36.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2, permite a una parte solicitar que se dicte sentencia sumaria a su favor. Una parte demandante puede prevalecer con la presentación de una moción de sentencia sumaria si provee prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Ramos Pérez v. Univisión*, 178 DPR 200, 212-214, 217 (2010). El fin de este mecanismo es favorecer la más pronta y justa solución de un pleito que carece de controversias genuinas sobre los hechos materiales y esenciales de la causa que trate. *Córdova Dexter v. Sucn. Ferraiuoli*, 182 DPR 541, 555 (2011); *Ramos Pérez,* 178 DPR a la pág. 212-214; *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR 154, 184 (2005).

La parte promovente de una moción de sentencia sumaria deberá demostrar que, a la luz del derecho sustantivo, amerita que

se dicte sentencia a su favor. *Ramos Pérez,* 178 DPR a la pág. 213; *Sucn. Maldonado,* 166 DPR a la pág. 184; *Vera v. Dr. Bravo,* 161 DPR 308, 332-333 (2004). Cuando de los documentos o declaraciones juradas sometidos por las partes, surge una controversia de hechos, la moción de sentencia sumaria es improcedente. *Mgmt. Adm. Servs., Corp. v. E.L.A.,* 152 DPR 599, 610 (2000).

La parte que se oponga a que se dicte sentencia sumaria debe controvertir la prueba presentada. La oposición debe exponer de forma detallada y específica los hechos pertinentes para demostrar que existe una controversia fáctica material, y debe ser tan detallada y específica como lo sea la moción de la parte promovente, pues de lo contrario, se dictará la sentencia sumaria en su contra si procede en derecho. Regla 36 (c) de Procedimiento Civil, *supra.*

Cuando la moción de sentencia sumaria está sustentada con declaraciones juradas u otra prueba, la parte opositora no puede descansar en meras alegaciones y debe proveer evidencia para demostrar la existencia de una controversia en torno a un hecho material. En lo pertinente, la Regla 36.3 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (b), establece que la contestación a la moción de sentencia sumaria deberá contener lo siguiente: (1) una exposición breve de las alegaciones de las partes, los asuntos litigiosos o en controversia y la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (2) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (3) una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las

páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal, y (4) las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable.

Toda relación de hechos expuesta en la moción de sentencia sumaria o en su contestación podrá considerarse admitida si se indican los párrafos o las páginas de las declaraciones juradas o de otra prueba admisible en evidencia donde ésta se establece, a menos que esté debidamente controvertida conforme lo dispone la regla en cuestión.

El Tribunal no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados y que no tienen una referencia a los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen. Tampoco tendrá la obligación de considerar cualquier parte de una declaración jurada o de otra prueba admisible en evidencia a la cual no se haya hecho referencia en una relación de hechos. Regla 36.3 (d) de Procedimiento Civil, *supra.*

### III.

A la luz de los citados criterios reglamentarios, y en el ejercicio de nuestra discreción, hemos determinado denegar el auto solicitado. El TPI consignó los hechos materiales sobre los cuales no había controversia, así como aquellos que entendió estaban en controversia. No podemos concluir que sea errónea la apreciación del TPI en cuanto a la imposibilidad, en esta etapa, de concluir, como lo pretende la Aseguradora, que la caída ocurrió exclusivamente por la negligencia de la Demandante, o que el área del accidente era controlada y mantenida, en la práctica, únicamente por la Tienda.

IV.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones