| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL I | | |
| FORTALEZA EQUITY PARTNERS I, LLC Apelada v. VÍCTOR MANUEL BENÍTEZ ORTIZ Y OTROS Apelantes | KLAN202401122 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce Caso Núm. JD2022CV00651 Sobre: Ejecución de Hipoteca; Propiedad Residencial |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2025.

Por la vía sumaria, el Tribunal de Primera Instancia ("TPI") declaró con lugar una demanda de cobro de dinero y ejecución de hipoteca. Según se explica en detalle a continuación, el TPI actuó correctamente al dictar la sentencia apelada porque: (i) no era necesaria la mediación en estas circunstancias, (ii) aun de serlo, el proceso de mediación ocurrió de forma adecuada, sin que las partes llegasen a algún acuerdo y (iii) los demandados no intentaron controvertir, con prueba documental o de otra índole, los hechos alegados por la parte demandante en su moción de sentencia sumaria.

I.

En diciembre de 2022, Fortaleza Equity Partners I, LLC (el "Banco") presentó la acción de referencia (la "Demanda") contra el Sr. Víctor Manuel Benítez Ortiz (el "Deudor"), la Sa. Betsy Edith Cora Rivera (la "Apelante") y la sociedad de gananciales compuesta por ambos (en conjunto, los "Demandados").

El Banco alegó que era el tenedor de un pagaré con garantía hipotecaria suscrito por el Deudor, y que este no había cumplido con sus obligaciones de pago con respecto al referido pagaré. Se alegó que la hipoteca grava un inmueble en Juana Díaz (la "Propiedad"), el cual consta inscrito a nombre de los Demandados. Se hizo constar que se incluía a la Apelante como demandada, "no como deudora, sino únicamente en su capacidad de titular registral, por no haber comparecido dicha parte como deudora en el pagaré, habiendo comparecido en la escritura de hipoteca para consentir a la misma".

La Apelante contestó la Demanda. No obstante, luego de ser debidamente emplazado, el Deudor no contestó la Demanda, por lo cual el TPI le anotó la rebeldía.

La Apelante solicitó al TPI que se refiriera el caso al proceso de mediación compulsoria, a lo cual el TPI accedió en julio de 2023.

El 1 de diciembre de 2023, el Centro de Mediación de Conflictos (el "Centro") compareció al TPI e informó que, a una cita de 6 de septiembre de ese año (y a otra el 19 de octubre), compareció el Banco y la Apelante, mas no el Deudor. Se informó, además, que "se exploraron alternativas no permanentes de retención, así como de disposición, que no requieren capacidad de pago" por la Apelante. Se indicó que "finalizada la negociación, el proceso de mediación se [dio] por terminado sin acuerdos." Apéndice del recurso, pág. 84.

En mayo de 2024, el Banco presentó una moción de sentencia sumaria (la "Moción"). En lo pertinente, acompañó la Moción con una declaración jurada (la "Declaración"), suscrita por la Sa. Cynthia Mae Berríos Ramírez (la "Oficial"), como "oficial autorizado" del Banco.

La Apelante se opuso a la Moción. En lo pertinente, arguyó que el Banco no "ha presentado prueba de los testigos con

conocimiento personal de la deuda ... ni se ha permitido un descubrimiento de prueba amplio".

Como resultado de una vista argumentativa en torno a la Moción, el TPI, a finales de agosto, determinó referir el caso nuevamente al Centro.

El 8 de octubre, el Centro presentó otra moción ante el TPI. Informó que, en una cita del 17 de septiembre, comparecieron el Banco y la Apelante, pero no el Deudor.  No obstante, a otra cita del 7 de octubre, comparecieron el Banco, la Apelante y el Deudor.  Se consignó que en la reunión la Apelante y el Deudor "fueron orientados [sobre] las alternativas de mitigación de pérdidas de acuerdo con el tipo de préstamo".  El Centro añadió que "se exploraron alternativas de retención, así como de disposición, que no requieran capacidad de pago por parte de los demandados", pero, "finalizada la negociación, el proceso de mediación se [dio] por terminado sin acuerdos".  Apéndice del recurso, pág. 257.

Mientras tanto, el 7 de octubre, la Apelante le solicitó al TPI que desestimara la Demanda porque, en la mediación celebrada ese día, el Banco se había "negado a ofrecerle ... un plan de pago ajustado a su realidad".

El Banco se opuso a la referida moción.  Aseveró que, en la mediación, el Deudor "indicó que no iba a aportar dinero para ninguna de las alternativas" y la Apelante "manifestó no tener dinero para las alternativas de retención que le fueron provistas, conforme al tipo de préstamo". Tampoco los demandados "acogieron ninguna de las alternativas de disposición que no requieren capacidad de pago".  De todas maneras, el Banco arguyó que, por estar el Deudor en rebeldía y no residir en la Propiedad, el proceso de mediación no era requerido por ley.

El 2 de diciembre, el TPI notificó una sentencia (la "Sentencia"), mediante la cual declaró con lugar la Moción.  Por

tanto, declaró con lugar la Demanda, condenó al Deudor al pago de la suma reclamada en la Demanda y dispuso que, para garantizar el crédito, se podría vender la Propiedad en pública subasta.

El 16 de diciembre, la Apelante presentó el recurso que nos ocupa. Sostiene que erró el TPI "al no permitir un descubrimiento amplio y liberal ni permitir indagar sobre el conocimiento personal" de la Oficial; que la Demanda debió desestimarse porque no se le ofrecieron "todas las alternativas de mitigación"; y que la Sentencia se dictó "sin que se hubiese completado ni suplementado el descubrimiento de prueba"[1].

A mediados de enero, el Banco presentó su alegato en oposición. En cuanto al proceso de mediación, reiteró lo planteado al respecto ante el TPI, arriba reseñado. En cuanto al conocimiento personal de la Oficial, subrayó que la Apelante nunca solicitó descubrir prueba sobre este asunto. También indicó que el descubrimiento que sí fue cursado por la Apelante fue debidamente contestado. Finalmente, arguyó que el descubrimiento sí se había completado y que la Apelante no controvirtió, en su oposición a la Moción, ninguno de los hechos medulares contenidos en la misma. Resolvemos.

II.

La Regla 36.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2, permite a una parte, contra la cual se ha presentado una reclamación, solicitar que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de la misma. Asimismo, una parte demandante puede prevalecer con la presentación de una sentencia sumaria si provee prueba incontrovertible sobre todos los

---

[1] La Apelante solicitó que aceptáramos unos proyectos de exposiciones sobre lo ocurrido en dos vistas argumentativas ante el TPI, a lo cual el Banco se opuso. Hemos determinado que lo solicitado por la Apelante no procede, pues este tipo de trámite solo aplica a la reproducción de prueba oral. De todas maneras, hemos examinado el contenido de los proyectos sometidos por la Apelante y aclaramos que, aun si se aceptaran, nada de lo allí consignado alteraría nuestra adjudicación del presente recurso.

elementos indispensables de su causa de acción. *Ramos Pérez v. Univisión,* 178 DPR 200, 212-214, 217 (2010). El fin de este mecanismo es favorecer la más pronta y justa solución de un pleito que carece de controversias genuinas sobre los hechos materiales y esenciales de la causa que trate. *Córdova Dexter v. Sucn. Ferraiuoli,* 182 DPR 541, 555 (2011); *Ramos Pérez,* 178 DPR a la pág. 212-214; *Sucn. Maldonado v. Sucn. Maldonado,* 166 DPR 154, 184 (2005).

La parte promovente de una solicitud de sentencia sumaria está obligada a establecer, mediante prueba admisible en evidencia, la inexistencia de una controversia real respecto a los hechos materiales y esenciales de la acción. Además, deberá demostrar que a la luz del derecho sustantivo, amerita que se dicte sentencia a su favor. *Ramos Pérez,* 178 DPR a la pág. 213; *Sucn. Maldonado,* 166 DPR a la pág. 184; *Vera v. Dr. Bravo,* 161 DPR 308, 332-333 (2004). Cuando de las propias alegaciones, admisiones o declaraciones juradas, surge una controversia de hechos, la moción de sentencia sumaria es improcedente. *Mgmt. Adm. Servs., Corp. v. E.L.A.,* 152 DPR 599, 610 (2000).

La parte que se oponga a que se dicte sentencia sumaria debe controvertir la prueba presentada. La oposición debe exponer de forma detallada y específica los hechos pertinentes para demostrar que existe una controversia fáctica material, y debe ser tan detallada y específica como lo sea la moción de la parte promovente, pues de lo contrario, se dictará la sentencia sumaria en su contra si procede en derecho. Regla 36 (c) de Procedimiento Civil, *supra.* Cuando la moción de sentencia sumaria está sustentada con declaraciones juradas u otra prueba, la parte opositora no puede descansar en meras alegaciones y debe proveer evidencia para demostrar la existencia de una controversia en torno a un hecho material.

En lo pertinente, la Regla 36.3 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (b), establece que la contestación a la moción de sentencia sumaria deberá contener lo siguiente: (1) una exposición breve de las alegaciones de las partes, los asuntos litigiosos o en controversia y la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (2) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (3) una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal, y (4) las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable.

Toda relación de hechos expuesta en la moción de sentencia sumaria o en su contestación podrá considerarse admitida si se indican los párrafos o las páginas de las declaraciones juradas o de otra prueba admisible en evidencia donde ésta se establece, a menos que esté debidamente controvertida conforme lo dispone la regla en cuestión. El Tribunal no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados y que no tienen una referencia a los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen. Tampoco tendrá la obligación de considerar cualquier parte de una declaración jurada o de otra prueba

admisible en evidencia a la cual no se haya hecho referencia en una relación de hechos. Regla 36.3 (d) de Procedimiento Civil, *supra.*

III.

Concluimos que el TPI actuó correctamente al emitir la Sentencia. Veamos.

La Ley 184-2012 contempla que, antes de proceder con una acción de "ejecución de hipoteca", se celebre una "reunión compulsoria de mediación". 32 LPRA sec. 2881. En dicha reunión, el acreedor "notificará al deudor hipotecario todas las alternativas disponibles en el mercado para poder evitar la ejecución de la hipoteca o la venta judicial de una propiedad residencial que constituya una vivienda principal". *Íd.*

El TPI deberá, luego de diligenciado el emplazamiento, citar al referido acto de mediación. 32 LPRA sec. 2882. Esto será un "requisito jurisdiccional" en acciones sobre ejecución de hipoteca sobre una "propiedad residencial que constituya una vivienda personal del deudor o los deudores". *Íd.* No obstante, "de no presentarse el deudor, al procedimiento de mediación", el acreedor "actuará de la forma acordada en el contrato o pagaré efectuado el día de la transacción original de hipoteca". *Íd.*

En este caso, como cuestión de derecho, la mediación no era necesaria, pues el Deudor ha estado en rebeldía y tampoco reside en la Propiedad. Lo anterior no ha sido controvertido por la Apelante.

De todas maneras, aun de ser aplicable el requisito de mediación, el récord demuestra claramente que el TPI habría cumplido con el mismo. Las partes fueron citadas varias veces para el correspondiente acto de mediación. La Apelante compareció a las citas e, incluso, el Deudor compareció a la última de las citas.

Sin embargo, el Centro explícitamente consignó que no fue posible llegar a un acuerdo, ello a pesar de que las partes fueron

orientadas sobre diversas alternativas de mitigación de pérdidas. Contrario a lo que la Apelante parece sugerir, el Banco no está obligado a llegar a un acuerdo durante la mediación, ni tampoco a ofrecer únicamente el plan de pago que la Apelante pudiese estimar aceptable para ella.

Por otra parte, el récord tampoco apoya lo planteado por la Apelante en cuanto al descubrimiento de prueba. El TPI le permitió a las partes cursar el descubrimiento que estimasen apropiado, por lo que no tiene mérito la implicación de la Apelante a los efectos de que, de algún modo, su derecho a descubrir prueba fue coartado indebidamente por el TPI. La información que la Apelante indica que el Banco no suministró (sobre el conocimiento de la Oficial en torno a la deuda reclamada) tampoco fue solicitada por esta a través de algún mecanismo de descubrimiento de prueba.

Finalmente, examinada la Moción y sus anejos, surge que el Banco sustentó adecuadamente los hechos allí expuestos, sin que la Apelante hubiese intentado controvertir los mismos. Por tanto, actuó correctamente el TPI al dictar la Sentencia, pues del récord no surge controversia sustancial sobre los hechos materiales formulados, y debidamente apoyados, por el Banco en la Moción.

IV.

Por los fundamentos anteriormente expuestos, se confirma la sentencia apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones