| | | |
|---|---|---|
| WANDA FONT SERRANO; RAMÓN MOLINARI FONT; WANDA MOLINARI FONT<br><br>Recurridos<br><br><br>V.<br><br>ESTANCIA LLC; HELÉN MARLEEN SANTOS RIVERA Y SU SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON FULANO DE TAL Y OTROS<br>Recurridos<br><br>UNIVERSAL INSURANCE COMPANY<br><br>Peticionaria | KLCE202500399 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV07282<br><br>Sobre: Caída, Impericia Profesional Contra Otros Profesionales (No Médicos) |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Universal Insurance Company solicita la revisión de la Resolución que emitió el Tribunal de Primera Instancia, Sala de Bayamón, el 13 de diciembre de 2024. Mediante esta, el foro primario denegó la Solicitud de Sentencia Sumaria Parcial que presentó Universal Insurance Company.

Revisado el recurso, se deniega la expedición de este.

## I.

El 26 de diciembre de 2023, Wanda Font Serrano, Ramón Molinari Font y Wanda Molinari Font presentaron una demanda sobre daños y perjuicios contra Estancia LLC, Helen Marleen Santos Rivera, Universal Insurance Company y otros. En síntesis, alegaron que la co-demandante Wanda Font Serrano (Font

Serrano) ingresó al Hogar Estancia LLC h/n/c Estancia M21, propiedad de la co-demandada Estancia LLC y/o de la co-demandada Helen Marleen Santos Rivera. Indicaron que el 10 de enero de 2023, a eso de las 6:00 am, el codemandante Ramón Molinari Font recibió una llamada del Hogar Estancia en el que le informaron que la señora Font Serrano había tenido una caída en referido lugar. En cuanto a este evento, alegaron lo siguiente:

> 17. La empleada de la co-demandada Estancia LLC y/o de la co-demandada Helen Santos Rivera y/o Fulana de tal y/o Corporación ABC, negligentemente luego de haber apagado el aire, con el cuarto completamente oscuro y sin prender la luz, le indicó a la co-demandante Font Serrano que se levantara, estando el piso húmedo, sin ayudarla y sin cumplir con el estándar requerido para levantar pacientes envejecientes de la cama, dando lugar a que se cayera como consecuencia de la negligencia de la empleada.

> 18. La parte demanda fue negligente al contratar a una persona sin experiencia y/o sin entrenamiento y/o falta de supervisión y/o educación formal y/o sin conocimiento de cuido de envejecientes y aquellos cuidados inherentes para este tipo de persona dando lugar a que por dicha negligencia propia y a su vez vicaria, la parte demandante sufriera serios daños.

En consecuencia, los demandantes reclamaron una compensación económica por daños físicos, angustias y sufrimientos mentales.

El 20 de marzo de 2024, Universal Insurance Company (Universal o peticionario) presentó una *Solicitud de Sentencia Sumaria Parcial*. En el escrito plasmó quince (15) hechos como no controvertidos. En resumen, alegó que procedía desestimar la reclamación en su contra porque los daños reclamados estaban excluidos de la cubierta de la póliza que expidió Universal al Hogar Estancia. En particular, aludió que, según las alegaciones de la demanda, no existía cubierta por tratarse de alegaciones de negligencia en el cuidado adecuado de personas de edad avanzada. Esto, por haber sufrido lesiones en el Hogar Estancia

mientras era residente de este. Universal especificó que la póliza de responsabilidad pública del Hogar contiene el endoso CG-21 16 "Exclusión - Designated Professional Services", el cual excluye de cubierta cualquier reclamación ocasionada por los servicios que presta el asegurado en la institución asegurada. Además, aludió al endoso UIC-EPI-CGL-04 09 "Exclusión - Patient Injury", que también excluye de la cubierta cualquier lesión que sufra un paciente mientras se encuentra recluido en la institución asegurada. Universal plasmó en la solicitud de sentencia sumaria, las aludidas disposiciones de la póliza. Mencionó, a su vez, la decisión del Tribunal Supremo de Puerto Rico en Viruet et al. V. SLG Casiano Reyes, 194 DPR 271, 286-287 (2015), en el que se indicó que, "una cláusula de exclusión de servicios profesionales contenida en una póliza de Responsabilidad General Comercial excluye la cubierta de aquellos incidentes suscitados en el proceso de ofrecer o dejar de proveer los servicios de supervisión y atención necesaria a individuos ubicados o instalados en establecimientos de cuido para personas de edad avanzada porque éstos constituyen servicios profesionales." Íd. pág. 286.

El 22 de marzo de 2024, la codemandada Helen Marleen Santos Rivera (Santos Rivera) contestó la demanda.[1] En esta, negó varias alegaciones de la demanda, entre ellas, los incisos 17 y 18 de la demanda relacionados a la ocurrencia de los hechos. Santos Rivera, formuló ciertas defensas afirmativas con su versión de los hechos. En particular adujo lo siguiente:

6. La señora Wanda Font Serrano el 9 de enero de 2023 fue despertada en la mañana por cuidadora del hogar para informarle sobre su turno para la toma del baño, ella se levantó conforme a todas las mañanas.

7. Así las cosas, la cuidadora observa a la señora Wanda Font Serrano levantarse de la cama a los fines de seguirla al baño.

_____
[1] Apéndice págs. 272-275.

8. La cuidadora toma las pertenencias y artículos personales de la residente para llevarlas al baño.

9. Cuando de camino al baño, la Sra. Wanda Font, que como bien dice la alegación 9 de la demanda…no necesitaba el apoyo para nada…", sufre una caída.

Asimismo, el 22 de abril de 2024, la señora Santos Rivera presentó una *Oposición a solicitud de sentencia sumaria parcial presentada por Universal Insurance Company.* Alegó que la petición de sentencia sumaria era prematura porque no existían elementos suficientes para determinar la ausencia de controversias de hechos materiales. Mencionó que había que evaluar las circunstancias particulares de cada caso a tenor con el derecho vigente y la jurisprudencia aplicable. Además, que Universal adoptó únicamente las alegaciones de la Demanda para su solicitud, sin considerar el debido proceso de ley que le asiste a la codemandada Santos Rivera y los otros codemandados.

Evaluados los escritos, el 12 de diciembre de 2024, la juez de instancia emitió una *Resolución* mediante la cual determinó, *No Conceder* la solicitud de sentencia sumaria parcial. En la Resolución decretó diez (10) hechos que no presentaban controversias. Los hechos número uno (1) al tres (3) aludían a la personalidad jurídica del Hogar Estancia, la dirección y la autorización del Hogar para operar el establecimiento de cuidado de envejecientes. Los hechos número cuatro (4) al diez (10) estaban relacionados a la póliza de responsabilidad general "general liability" número 560-0663244 que expidió Universal a favor de Estancia M21 con vigencia de 05/07/2022 a 05/07/2023. En estos hechos se detallaron las exclusiones de la póliza.

Luego de exponer los hechos no controvertidos, el foro primario determinó que existía controversia en cuanto a lo siguiente:

1. Si hubo un accidente que causó daño y si el accidente fue provocado por la negligencia de Estancia o sus empleados.

2. Si hubo negligencia, cómo ocurrió la negligencia y si Universal responde por este tipo de accidente.

Tras evaluar el derecho, y los argumentos de ambas partes, el foro primario denegó la moción de sentencia sumaria, tras razonar lo siguiente:

Alega Universal que debemos desestimar la demanda en su contra, porque la póliza que suscribió con Estancia M21 no cubre incidentes como el que se describe en la demanda. Aunque, estamos de acuerdo en que el accidente, según se describe en la demanda, no estaría cubierto por el contrato de seguro, ofrecido por Universal a Estancia, lo cierto es que en este momento el tribunal no sabe si la descripción dada en la demanda sobre cómo ocurrió el accidente, es cierta. Es más, de la solicitud de sentencia sumaria de Universal surge que esta empresa desconoce cómo ocurrió el accidente, pues, en vez de presentar hechos probados, presenta y así lo reconoce, al mencionar que en la demanda se alega, que hubo un accidente y se alega que fue de una manera. Las alegaciones, debemos recordar, que no son hechos probados, son, eso mismo, alegaciones, son elementos sin confirmar que pudieron o no haber ocurrido. Si en esta etapa de los procesos se desconoce cómo ocurrió el accidente sería prematuro que cualquiera de las partes pueda concluir si hay cobertura por parte de la aseguradora. **Sin conocer qué dio pie a la acción del presente pleito, la aseguradora no puede saber si lo cubre o no**. **Por tanto, hasta que no haya certeza judicial de cómo ocurrieron los daños, no podemos desestimar la acción en contra de Universal**. Debido a lo anterior, en este momento, no estamos en posición de resolver si el seguro aplica o no a los hechos y debemos denegar la Solicitud de Sentencia Sumaria, presentada por Universal.

Insatisfecho con la decisión, Universal solicitó reconsideración y esta fue denegada. Aun inconforme, el 14 de abril de 2025, Universal interpuso el presente recurso de *certiorari* y expuso como único error el siguiente:

Erró el Tribunal de Primera Instancia al dejar de resolver la solicitud de sentencia sumaria conforme a derecho, a pesar de que no existe una controversia de hechos materiales que lo impida.

Con el beneficio de los escritos de las partes, disponemos.

**II.**

**A.**

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).    Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016).

En particular, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, nos faculta a revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurre de la denegatoria de una moción de carácter dispositivo, como lo aquí solicitado.

Al evaluar un recurso de *certiorari* nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.  Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008).  La referida regla dispone lo siguiente:

> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

BPPR v. SLG Gómez-López, *supra*, pág. 337.

Como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. BPPR v. SLG Gómez-López, *supra*, pág. 334; VS PR, LLC v. Drift-Wind, 207 DPR 253, 273 (2021).  El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. BPPR v. SLG Gómez-López, *supra*, pág. 335; SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434-435 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000).

**B.**

La sentencia sumaria es el mecanismo procesal adecuado para resolver casos en los que no es necesaria la celebración de un juicio por no existir duda sobre los hechos esenciales, contarse con toda la evidencia necesaria y solo restar la aplicación del derecho. Consejo de Titulares del Condominio Millennium v. Rocca Development Corp., et als. 2025 TSPR 6, 215 DPR __ (2025); BPPR v. Zorrilla y otro, 2024 TSPR 62, 214 DPR __

(2024); 32 LPRA Ap. V, R. 36.3(e); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 555-556 (2011).

La parte que se opone a la solicitud de sentencia sumaria deberá refutar los hechos materiales que entiende están en disputa con evidencia sustancial. Birriel Colón v. Econo y otros, 213 DPR 80, 90 (2023); SLG Fernández-Bernal v. RAD-MAN et al., 208 DPR 310, 336-337 (2021). No obstante, el hecho de que no se presente prueba para controvertir la presentada por la parte promovente no conduce a la concesión automática de una moción de sentencia sumaria. Birriel Colón v. Econo y otros, *supra*; SLG Fernández-Bernal v. RAD-MAN et al., *supra*, pág. 337.

La moción de sentencia sumaria procederá si el juzgador **queda claramente convencido** de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y que es innecesaria una vista en los méritos. Birriel Colón v. Econo y otros, *supra, pág. 91;* SLG Fernández-Bernal v. RAD-MAN et al., *supra*, pág. 337. Cuando se habla de hechos materiales, se refiere a aquellos que pueden alterar la forma en que se resuelve una reclamación, de acuerdo con el derecho sustantivo aplicable. Cruz, López v. Casa Bella y otros*, 213 DPR 980, 993 (2024); Zambrana García v. ELA et al., 204 DPR 328, 341 (2020). Así pues, para que proceda este mecanismo es necesario que de los documentos no controvertidos surja de que no hay una controversia real y sustancial sobre los hechos del caso. Consejo de Titulares del Condominio Millennium v. Rocca Development Corp., et als., *supra*; Universal Ins. y otro v. ELA y otros, 211 DPR 455, 471 (2023); Ramos Pérez v. Univisión, 178 DPR 200, 214 (2010). De no haber hechos materiales en controversia, el tribunal dictará sentencia sumaria siempre que proceda en derecho. Cruz, López v. Casa Bella y otros*, supra*; Aponte Valentín

et al. v. Pfizer Pharm., 208 DPR 263, 278 (2021); Rivera Matos et al. v. Triple-S et al., 204 DPR 1010-1024 (2020).

Al atender la solicitud de sentencia sumaria y su oposición, los tribunales deberán: (1) analizar todos los documentos incluidos en las mociones y aquellos que obren en el expediente del tribunal, y (2) determinar si la parte opositora controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Torres Pagán et al. v. Mun. de Ponce, 191 DPR 583, 598 (2014). La sentencia sumaria sólo debe dictarse en casos claros, y cualquier duda debe resolverse en contra de la parte que solicita la sentencia. Zambrana García v. ELA, 204 DPR 328, 341 (2020); Rivera et al. v. Superior Pkg., Inc. et al., 132 DPR 115, 133 (1992). (Citas suprimidas).

Por otro lado, el Tribunal Supremo ha manifestado que no es aconsejable dictar sentencia sumaria en casos donde existe controversia **sobre asuntos de credibilidad** o que envuelvan aspectos subjetivos, como la intención, los propósitos mentales o la negligencia. Cruz, López v. Casa Bella y otros, *supra*; Aponte Valentín et al. v. Pfizer Pharm., *supra*, pág. 278. (Énfasis añadido). El principio rector que debe guiar al juzgador en la determinación sobre si procede o no la sentencia sumaria es el sabio discernimiento, ya que mal utilizada, puede prestarse para privar a un litigante de su "día en corte", principio fundamental del debido proceso de ley. Mun. de Añasco v. ASES et al., 188 DPR 307, 327-328 (2013).

En cuanto al alcance de la revisión judicial, es norma reiterada que los tribunales apelativos nos encontramos en la misma posición que el foro primario al evaluar la procedencia de una sentencia sumaria. Esto conlleva examinar *de novo* el

expediente del caso de la manera más favorable hacia la parte que se opuso. Consejo de Titulares del Condominio Millennium v. Rocca Development Corp., et als., *supra*; Soto y otros v. Sky Caterers, 2025 TSPR 3, 215 DPR __ (2025); BPPR v. Cable Media, 2025 TSPR 1, 215 DPR __ (2025); Cruz, López v. Casa Bella y otros*, supra*; Birriel Colón v. Econo y otros, *supra*, pág. 91; Rivera Matos et al. v. Triple-S et al., *supra*, pág. 1025.

## C.

En nuestra jurisdicción la industria de seguros, la cual está revestida de un alto interés público, está regulada por lo dispuesto en el Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 101 et seq. (en adelante, "Código de Seguros") y, de manera supletoria, por el Código Civil. Carrasquillo Pérez et als. v. CSM, 2024 TSPR 101, 214 DPR __ (2024); Birriel Colón v. Econo y otros, *supra*, pág. 92; Nevárez Agosto v. United Surety et. al., 209 DPR 346, 358 (2022); Feliciano Aguayo v. MAPFRE, 207 DPR 138, 148 (2021); Rivera Matos et al. v. Triple-S et al., *supra*, pág. 1019; R.J. Reynolds v. Vega Otero, 197 DPR 699, 706-707 (2017).

El Artículo 1.020 del Código de Seguros de Puerto Rico, define el seguro como "el contrato mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo." 26 LPRA sec. 102; ECP Incorporated v. OCS, 205 DPR 268, 278 (2020); Savary *et al*. v. Mun. Fajardo *et al*., 198 DPR 1014, 1023 (2017); S.L.G. Francis Acevedo v. SIMED, 176 DPR 372, 384 (2009); A.I.I.Co. v. San Miguel, 161 DPR 589, 596 (2005).

Ahora bien, los contratos de seguro pueden contener ciertas cláusulas de exclusión.   Se ha indicado que las cláusulas de

exclusión tienen el propósito de limitar la cubierta de una póliza al disponer que el asegurador no responderá por ciertos eventos, riesgos o peligros allí contenidos. Barreto Nieves et al. v. East Coast, 213 DPR 852, 864 (2024); Maderas Tratadas v. Sun Alliance et al., 185 DPR 880, 889 (2012). Por esa razón, se ha resuelto que las exclusiones se han de interpretar restrictivamente a favor del asegurado, para así cumplir con el propósito de todo seguro de ofrecer la mayor protección a la persona asegurada. Barreto Nieves et al. v. East Coast, *supra*, pág. 865.

No obstante, si las cláusulas de exclusión son claras y aplican a determinada situación, la aseguradora no será responsabilizada por aquellos riesgos expresamente excluidos. Barreto Nieves et al. v. East Coast, *supra*, citando a Maderas Tratadas v. Sun Alliance et al., *supra*, págs. 899-900.

**D.**

El seguro de responsabilidad civil o pública, como es el caso del seguro de Responsabilidad Comercial General, protege al asegurado ante un tercero que ha sufrido daños por su causa. Viruet et al. V. SLG Casiano Reyes, *supra*, pág. 279.

Existe otra categoría de pólizas, denominadas de "Responsabilidad Profesional", que protegen al asegurado "contra la responsabilidad legal de éste por los daños o lesiones causadas a terceras personas como consecuencia del rendimiento negligente de sus servicios profesionales". Viruet et al. V. SLG Casiano Reyes, *supra*, pág. 280, citando a Díaz Ayala et al. v. E.L.A., 153 DPR 675, 690 (2001).

Como regla general, las pólizas de responsabilidad pública comercial no cubren reclamaciones basadas en servicios profesionales. Viruet et al. V. SLG Casiano Reyes, *supra*, pág. 280. (citas omitidas). Los riesgos concernientes a estos servicios

típicamente se atienden a través de seguros de responsabilidad profesional. Íd.

En el campo de seguros, en ocasiones resulta difícil distinguir entre una reclamación civil basada en negligencia y una asentada en responsabilidad profesional, a fin de determinar si una póliza cubre los daños. **La clave está en determinar si la causa de acción surge como resultado de una conducta u omisión asociada con la prestación de servicios profesionales**. Viruet et al. V. SLG Casiano Reyes, *supra*, pág. 280. (Énfasis nuestro).

Como parte de los servicios profesionales, se puede considerar, en el caso de un centro de cuidado de personas de edad avanzadas, el velar por su bienestar y seguridad, lo cual cualifica como servicios profesionales. Viruet et al. V. SLG Casiano Reyes, *supra*, pág. 286. En tales casos, una cláusula de exclusión de servicios profesionales contenida en una póliza de Responsabilidad General Comercial excluye la cubierta de aquellos incidentes suscitados en el proceso de ofrecer o dejar de proveer los servicios **de supervisión y atención necesaria** a individuos ubicados o instalados en establecimientos de cuido para personas de edad avanzada porque éstos constituyen servicios profesionales. Íd.

### III.

Universal adujo que en la demanda se alegó que la señora Font Serrano, residente del Hogar Estancia, asegurado, sufrió una caída. Que en la demanda se indicó que la razón de la caída fue la negligencia y falta de cuidado del Hogar Estancia, "al incumplir con el estándar requerido para levantar pacientes envejecientes de la cama" y no brindar la atención y cuidado que necesitaba la señora Font Serrano. Indicó que lo alegado en la demanda, en

contra del asegurado, está expresamente excluido en la póliza, pues el hogar de envejecientes ofrece un servicio profesional. Sostuvo que, a tenor con la decisión del Tribunal Supremo, en *Viruet*, supra, la póliza suscrita por Universal es una de responsabilidad general. Que esta excluye los incidentes suscitados en ofrecer o dejar de proveer los servicios de atención necesaria a individuos instalados en establecimiento de cuido de personas de edad avanzada porque estos constituyen servicios profesionales. Expresó, además, que el Tribunal Supremo ha realizado el análisis de las cubiertas, a base de las alegaciones de la demanda. Adujo que la póliza que emitió Universal no cubre las alegaciones de la demanda, ya que están expresamente excluidas bajo los endosos que el foro primario mencionó como hechos no controvertidos. Universal entiende que la razón de la caída de la señora Font Serrano en el hogar de cuido no es un hecho esencial en controversia que impida la resolución del presente caso mediante la sentencia sumaria parcial. Señaló que no hace falta el descubrimiento de prueba para determinar la razón de la caída, porque las alegaciones de la demanda son claras y están excluidas.

Evaluado el recurso, declinamos intervenir en esta etapa.

El foro primario evaluó la moción de sentencia sumaria, la oposición y el derecho aplicable. Emitió las determinaciones de hechos que no presentan controversia. Entre estas, plasmó las porciones de la póliza de seguro que excluyen de responsabilidad a Universal. No obstante, el foro primario indicó que no tiene claro ciertos hechos tales como: si en efecto hubo negligencia, cómo ocurrió la negligencia y si Universal responde por este tipo de accidente.

El foro primario, al denegar la moción de sentencia sumaria, explicó lo siguiente:

> Si en esta etapa de los procesos se desconoce cómo ocurrió el accidente sería prematuro que cualquiera de las partes pueda concluir si hay cobertura por parte de la aseguradora. **Sin conocer qué dio pie a la acción del presente pleito, la aseguradora no puede saber si lo cubre o no**. **Por tanto, hasta que no haya certeza judicial de cómo ocurrieron los daños, no podemos desestimar la acción en contra de Universal**. Debido a lo anterior, en este momento, no estamos en posición de resolver si el seguro aplica o no a los hechos y debemos denegar la Solicitud de Sentencia Sumaria, presentada por Universal.

Como foro revisor, entendemos que la decisión es adecuada y razonable. La codemandada Santos Rivera contestó la demanda y allí proporcionó otra versión de la forma en que la señora Font Serrano sufrió una caída. Debido a que existen versiones encontradas de la caída, es necesario que el foro primario dirima ese hecho esencial, el cual puede alterar la forma en que se aplique el derecho sustantivo relacionado a la exclusión de la póliza. Por tanto, en esta etapa de los procesos, es adecuado aplazar la disposición sumaria hasta que el foro primario esté claro de los hechos esenciales relacionados a la caída objeto de esta reclamación.

## IV.

Por las razones antes expresadas, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Domínguez Irizarry disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| WANDA FONT SERRANO; RAMÓN MOLINARI FONT; WANDA MOLINARI FONT<br><br>Recurridos<br><br>V.<br><br>ESTANCIA LLC; HELEN MARLEEN SANTOS RIVERA Y SU SOCIEDAD LEGAL DE GANANCIALES COMPUESTA CON FULANO DE TAL Y OTROS<br><br>Recurridos<br><br>UNIVERSAL INSURANCE COMPANY<br><br>Peticionaria | KLCE202500399 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2023CV07282<br><br>Sobre: Caída, Impericia Profesional Contra Otros Profesionales (No Médicos) |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

### VOTO DISIDENTE JUEZ DOMÍNGUEZ IRIZARRY

Respetuosamente disiento de la mayoría de los miembros que componen este Panel en el caso de epígrafe. A mi juicio, la *Resolución* aquí impugnada, mediante la cual la Jueza de Instancia denegó la *Solicitud de Sentencia Sumaria Parcial* presentada por Universal Insurance Company, es errada. Me explico.

En la demanda presentada por la parte demandante, aquí recurrida, se alegó, en lo pertinente, lo siguiente:

[…]

14.    El 10 de enero de 2023, a eso de las 6:00 a.m. la Sra. Jomayra, muy nerviosa y pidiendo disculpas, llamó al co-demandante Ramón Molinari Font para informarle que la co-demandante Font Serrano había tenido una caída, que estaba en su cama, pero que la ambulancia ya iba de camino.

15.    La Sra. Jomayra le explicó al co-demandante Ramón Molinari Font que una empleada nueva había hecho el proceso de levantarla en la mañana mal y su madre se había caído. Que ellos no toleraban ese tipo de conducta y que habían despedido a la muchacha.

Número Identificador

RES2025 _____

[...]

17. La empleada de la co-demandada Estancia LLC y/o de la co-demandada Helen Santos Rivera y/o Fulana de tal y/o Corporación ABC, negligentemente luego de haber apagado el aire, con el cuarto completamente oscuro y sin prender la luz, le indicó a la co-demandante Font Serrano que se levantara estando el piso húmedo, sin ayudarla y sin cumplir con el estándar requerido para levantar pacientes envejecientes de la cama, dando lugar a que se cayera como consecuencia de la negligencia de la empleada.

18. La parte demanda[da] fue negligente al contratar a una persona sin experiencia y/o sin entrenamiento y/o falta de supervisión y/o educación formal y/o sin conocimiento de cuido de envejecientes y aquellos cuidados inherentes para este tipo de persona dando lugar a que por dicha negligencia propia y a su vez vicaria, la parte demandante sufriera serios daños.

[...]

Por otra parte, la póliza en cuestión establece las siguientes exclusiones de póliza:

CG-2116 Designated Professional Services

This endorsement changes the policy. Please read it carefully.

EXCLUSION - DESIGNATED PROFESSIONAL SERVICES
This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART. SCHEDULE

Description of Professional Services:

....

2. ANY PROFESSIONAL SERVICES OF ANY KIND OR NATURE Information required to complete this Schedule, if not shown above, will be shown in the Declarations. With respect to any professional services shown in the Schedule, the following exclusion is added to Paragraph 2. Exclusions of Section 1 - Coverage A - Bodily Injury and Property Damage Liability and Paragraph 2.

**Exclusions of Section I - Coverage B - Personal and Advertising Injury Liability: This insurance does not apply to "bodily injury", "property damage", "personal injury", or "advertising injury" due to the rendering or failure to render any professional service.**

**This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the bodily injury or property damage, or the offense which caused the personal and advertising injury involved the rendering or failure to render any professional service.**

Así mismo, la póliza en controversia tiene, además, la siguiente exclusión:

Exclusion - Services Furnished by Health Care Providers", en lo pertinente, lee:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY EXCLUSION - SERVICES FURNISHED BY HEALTH CARE PROVIDERS

This endorsement modifies insurance provided under the following:

Commercial General Liability Coverage Part

SCHEDULE
Description of Operations

HOME FOR THE AGED

….

The following exclusion is added to Paragraph 2. Exclusions of Section I - Coverage A - Bodily Injury and Property Damage Liability and Paragraph 2. Exclusions of Section I - Coverage B - Personal and Advertising Injury Liability:

With respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of:

1. The rendering or failure to render:

d. Medical, surgical, dental, x-ray or **nursing service**, treatment, advice or instruction, or the related furnishing of food or beverages;

e. Any health or therapeutic service, treatment, advice or instruction; or...

f. Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming.

2. The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances.

Al analizar las alegaciones de la demanda, de la óptica más favorable a la parte recurrida, y los términos específicos de exclusión de la póliza en controversia, es forzoso concluir que las reclamaciones instadas en contra de la parte peticionaria, Universal Insurance Company, quedan excluidas de la cubierta en cuestión. De hecho, la propia Juzgadora de Instancia en la *Resolución* recurrida concurrió con el anterior análisis al exponer que "estamos de acuerdo en que el accidente, según describe la demanda, no estaría cubierto por el contrato de seguro ofrecido por Universal a Estancia". Sin embargo, en un contrasentido declinó desestimar la acción.

Sabido es que, al analizar una cubierta de póliza, los tribunales deben examinar tanto las alegaciones y las reclamaciones sostenidas en la demanda, como los términos y exclusiones de la póliza de seguro en controversia. En el caso de epígrafe, el texto de la exclusión en controversia es claro y no da margen a dudas en cuanto a su significado. Así pues, a tenor con la norma reiterada en *W.M.M., P.F.M. et al. v. Colegio et al.* 211 DPR 871, 889 (2023), la cual dispone que cuando las cláusulas de exclusión son claras y aplican a una situación determinada, la aseguradora no es responsable por los riesgos expresamente excluidos en la póliza, entiendo que el Tribunal debió declarar Ha Lugar la *Solicitud de Sentencia Sumaria Parcial* promovida por Universal Insurance Company.

**IVELISSE DOMÍNGUEZ IRIZARRY**
Juez de Apelaciones